Joseph J. BERTHESI, Plaintiff,

v.

Commonwealth of PENNSYLVANIA BOARD OF PROBATION, City of Philadelphia, et al. Defendants.

No. 01–CV–4518.

United States District Court, E.D. Pennsylvania.

Feb. 5, 2003.

---

Joseph J. Berthesi, pro se.

BethAnne Smith, Office of Atty. General, Philadelphia, PA, Michele L.P. Dean, City of Philadelphia, Philadelphia, PA, for Defendants.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

■ This lawsuit represents Joseph J. Berthesi's most recent federal *pro se* action and arises from an Amended Complaint that he filed on September 17, 2001.[1] In his Amended Complaint, plaintiff alleges that the Commonwealth of Pennsylvania's Board of Probation ("the Board of Probation"), the City of Philadelphia ("the City"), and unspecified Pennsylvania and Philadelphia prisons deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. In August of 2002, the Commonwealth of Pennsylvania ("the Commonwealth") and the City, acting on behalf of all defendants, responded to plaintiff's Amended Complaint by filing motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although the Commonwealth did not also present a motion to dismiss under Rule 12(b)(1), the federal courts have the authority to raise such a defense *sua sponte*. Fed.R.Civ.P. 12(h)(3). For the reasons explained below, I will grant the defendants' motions to dismiss based on both Rule 12(b)(1) and 12(b)(6).

### I. BACKGROUND

Plaintiff's Amended Complaint centers on those events surrounding his arrest and conviction for robbery in 1980–1981. *See* Am.Compl. Plaintiff alleges that his arrest and conviction resulted from a conspiracy among the prosecution witnesses to testify falsely against him. *Id.* at 4. In particular, he maintains that the alleged victim of the robbery, William Rascento,

falsely reported the robbery in retaliation for plaintiff's filing a criminal complaint against Rascento's son. *Id.* Plaintiff also claims that Rascento paid a prosecution witness to testify against plaintiff. *Id.* In support of these allegations, plaintiff cites a police investigation from the mid–1980s that apparently cleared him of any wrongdoing. *Id.* Plaintiff has presented no evidence of any such investigation, but he has supplied the court with the signed affidavit of a retired police officer who investigated the 1980 robbery. *See* Spoltore Decl. This officer, Thomas Spoltore, continued to investigate the robbery after plaintiff was convicted. In doing so, Spoltore learned that Rascento had offered to pay other individuals for testimony that implicated plaintiff as the robber. *Id.* at 1. Equipped with this information, Spoltore contacted the District Attorney's Office, but was told that the office would not take any action based on the new evidence and that plaintiff would have to consult with his attorney about reopening the case. *Id.* at 2.

Since learning of Spoltore's findings in 1984, plaintiff has filed a succession of habeas petitions in state and federal court challenging his 1981 conviction. None of these filings have resulted in his sentence being vacated or overturned. *See* Report & Recommendation at 2, *Berthcsi v. Commonwealth*, No. 01–CV–1674 (E.D.Pa. Aug. 10, 2001). He has also filed a number of civil rights lawsuits against, among others, Thomas Spoltore and the City. *See e.g., Berthesi v. Clark, et al.*, No. 00–CV–6143 (E.D.Pa. Dec. 21, 2000); *Berthesi v. Philadelphia Police Dept., et al.*, No.

---

1. The clerk's office has recorded plaintiff's last name as "Berthesi." It is unclear from plaintiff's handwritten petition, however, whether the correct spelling is "Berthesi" or "Berthcsi." In plaintiff's submissions to this court, it appears that the state court cases dealing with his prosecution and post-convic-

tion appeal use the name "Berthesi," while the federal civil rights and habeas actions generally use the name "Berthcsi." For the purposes of this opinion, both spellings will be construed as referring to the same individual.

00–CV–6180 (E.D.Pa. Dec. 21, 2000); *Berthcsi v. Spoltore*, No. 85–CV–3997 (E.D.Pa. Sept. 13, 1985). This case represents his most recent effort to seek relief from, and compensation for, his allegedly wrongful conviction in 1981.

## II. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion, the Court must accept as true all of the allegations set forth in the complaint and must draw all reasonable inferences in favor of the plaintiff. *See Ford v. Schering–Plough Corp.*, 145 F.3d 601, 604 (3d Cir.1998). Dismissal of plaintiff's claim is appropriate only if plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotations omitted). The court need not, however, accept conclusory allegations or legal conclusions. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997).

▇▇▇ Rule 12(b)(1) allows the court to dismiss a suit for want of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). This rule permits a party or the court to raise the issue of Eleventh Amendment immunity at the earliest stage of litigation. Fed. R.Civ.P. 12(h)(3). In *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690 (3d Cir. 1996), the Third Circuit Court of Appeal noted that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Id.* at 694 n. 2 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). The *Blanciak* court added that Rule 12(b)(1) was the proper means of raising the issue of whether the Eleventh Amendment bars federal jurisdiction. *Id.* There are two types of Rule 12(b)(1) motions. The first type, a facial attack, challenges only the court's subject matter jurisdiction. The second type, a factual attack, allows the court to question the plaintiff's facts after the defendant files an answer. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). As defendants have not filed an answer, their motion is necessarily a facial attack.

▇▇▇ It is unclear what standard of review governs facial attacks made via Rule 12(b)(1). The Third Circuit has "cautioned against treating a Rule 12(b)(1) motion as a Rule 12(b)(6) motion and reaching the merits of the claims" because "the standard for surviving a Rule 12(b)(1) motion is lower than that for a 12(b)(6) motion." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir.2000) (citation omitted). Nonetheless, the Third Circuit has also held that, when considering a facial attack under Rule 12(b)(1), "the trial court must accept the complaint's allegations as true." *Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 n. 4 (3d Cir.2002) (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 & n. 7 (3d Cir.2001). Because Rule 12(b)(1) has a more forgiving standard of review than that for Rule 12(b)(6), it logically follows that a court should draw all reasonable inferences in the plaintiff's favor when considering a Rule 12(b)(1) defense as well.

## III. DISCUSSION

Plaintiff has failed to state a claim against the City defendants for which relief can be granted. His complaint must therefore be dismissed. Fed.R.Civ.P. 12(b)(6). Moreover, this court lacks subject matter jurisdiction to hear claims filed against the Commonwealth and its agencies. Consequently, the claims against the Commonwealth defendants must also be dismissed. Fed.R.Civ.P. 12(b)(1). As jurisdiction is always a court's first area of inquiry, I will discuss whether there is jurisdiction to hear plaintiff's claims against the Board of Probation and the

Commonwealth prisons before addressing the sufficiency of the claim against the City and its prison.

### A. Claims against the Commonwealth Defendants

■ Liberally construed, plaintiff's Amended Complaint alleges that the Commonwealth's Board of Probation and the state prisons somehow deprived him of his constitutional due process rights in violation of 42 U.S.C. § 1983. Am.Compl. at 4. Section 1983 provides that "persons" acting under color of state law can be found liable if they deprive others of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C.A. § 1983.

■ It is very difficult for a plaintiff to sue a state or its agencies under § 1983. The Eleventh Amendment[2] generally precludes a plaintiff from bringing suit against the Commonwealth in federal court. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Furthermore, the Supreme Court, in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) held that states are not "persons" for purposes of § 1983 actions.

■ The immunity from suit that the Commonwealth enjoys under *Will* and the Eleventh Amendment extends to the Board of Probation and the state prisons. As the Supreme Court recognized in *Pennhurst State School & Hospital v.*

*Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), the Eleventh Amendment doctrine of sovereign immunity covers a state's agencies and instrumentalities. *See also C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198 (3d Cir.2000). The Commonwealth defendants are arms of the state and should therefore also be shielded from suit.

■ There are, however, three exceptions to the Eleventh Amendment's prohibition of private lawsuits against the states and their agencies. First, the states may waive their immunity and consent to be sued. *See Alden*, 527 U.S. at 755, 119 S.Ct. 2240. Second, Congress may abrogate the states' immunity so long as it "both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Third, the federal courts can issue an injunction against a state officer if there is evidence of ongoing violations of federal law and the injunction will afford a plaintiff prospective relief from the illegal state action. *See Alden*, 527 U.S. at 757, 119 S.Ct. 2240; *Seminole Tribe v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *see also Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

None of these exceptions apply to the case at hand. "The Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases and Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983." *Petsinger v. Pa. Dep't of Transp.*, 211 F.Supp.2d 610, 613 (E.D.Pa. 2002) (citation omitted). Nor has plaintiff

---

**2.** The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State." U.S. Const. amend. XI.

filed against an individual state officer. Plaintiff has presented no evidence of why his complaint qualifies for any of the three exceptions described above. Absent such evidence, this court cannot exercise subject matter jurisdiction over the Commonwealth defendants. The complaint against these defendants is therefore dismissed under Rule 12(b)(1).

### B. Claims against the City

■ Plaintiff has also filed a § 1983 action against the City and its prisons. He argues that the municipal defendants denied him his constitutional due process rights.[3] These claims must be dismissed for failure to state a claim upon which relief can be granted.

■ To state a cause of action against either a municipality or its agencies, a plaintiff must allege that a constitutional violation resulted from an approved municipal policy or custom. *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In considering a previous § 1983 action against the City, the Third Circuit held that, under *Monell,* un-constitutional actions borne of municipal policies or customs cannot be attributed to a municipality as an abstract entity. *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1061 (3d Cir.1991). Rather, a plaintiff can establish liability based on a municipal policy or custom only if the plaintiff has both connected the policy to a constitutional injury and "adduced evidence of scienter on the part of a municipal actor [with] final policymaking authority in the areas in question." *Id.* at 1042. Assuming, *arguendo,* that plaintiff had presented more than conclusory evidence of a constitutional violation, he has still not identified a municipal policy or custom that resulted in his being denied due process. Nor has he identified either a municipal agent with the authority to create such a policy or evidence that such an agent knew of the policy's unconstitutional consequences. Thus, plaintiff's Amended Complaint, even when read in the most forgiving light, cannot state a cause of action for which relief can be granted. For this reason, plaintiff's complaint against the municipal defendants must be dismissed with prejudice under Rule 12(b)(6).[4]

---

**3.** It is unclear what either the City or its prisons did to deny plaintiff due process. It appears from the Amended Complaint that plaintiff believes the Philadelphia District Attorney's office prosecuted him wrongfully by using perjured testimony and withholding exculpatory evidence. The District Attorney's office, however, is not a party to this litigation and plaintiff has not indicated how this office's purportedly unconstitutional actions are connected to either of the municipal defendants.

**4.** Plaintiff's complaint, like his earlier lawsuits, arises from a set of facts which, if true, is troubling. But his displeasure with these events does not change the state of the law. As the Commonwealth pointed out in its reply brief, the Supreme Court has held that:

> [I]n order to recover for damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (emphasis original) (footnote and citation omitted).

Under *Heck,* plaintiff cannot recover any damages where such a determination would undermine the validity of his 1981 conviction. Until he obtains one of those forms of relief identified by the Supreme Court in *Heck,* plaintiff cannot successfully bring suit based on the events surrounding this conviction.

## IV. CONCLUSION

Under the Eleventh Amendment and the doctrine of sovereign immunity, the federal courts lack subject matter jurisdiction over the Board of Probation and the Commonwealth prisons. Plaintiff's Amended Complaint against the City and its prisons fails to state a claim for which relief can be granted. For these reasons, defendants' motions to dismiss are granted and plaintiff's case is dismissed with prejudice.

### ORDER

**AND NOW**, this day of February, 2003, it is **ORDERED** that:

(1) Defendants' Motions to Dismiss (Docket # 16 and # 19) are **GRANTED**;

(2). Plaintiff's Motions for Appointment of Counsel (Docket # 13 and # 17) are **DENIED AS MOOT.**

This case shall now be marked closed for statistical purposes.

Any suit filed with the knowledge that it could not succeed would be fruitless *and* frivolous.

Such lawsuits would be ripe for dismissal.