**Alton D. BROWN, Appellant,**

v.

**Conner BLAINE, Jr., Lt. R. Oddo, T.D.**

Jackson, Lieutenant McCombic,[1] Charles Rossi, Sergeant Lipscomb, Officer Marshall, Officer Romano, Kerri Cross, Frank J. Zaborowski and B.E. Ansell.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 12, 2003.

Decided Oct. 15, 2003.

---

1. The names of McCombie and Romano were misspelled in the original caption.

**1168**

Alton D. Brown, petitioner, pro se.

Scott A. Bradley, Pittsburgh, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

PELLEGRINI, Judge.

Alton D. Brown (Brown) appeals *pro se* from an order of the Court of Common Pleas of Greene County (trial court) sustaining the preliminary objections of a number of prison officials and guards[2] (collectively, "Prison Officials") employed by the Department of Corrections at the State Correctional Institution at Greene (SCI–Greene) and dismissing Brown's complaint for failure to state a claim upon which relief may be granted.

In his complaint, Brown alleges that he is currently an inmate at the State Correctional Institution (SCI) in Pittsburgh. In July 1999, he was transferred to SCI–Greene where he was immediately placed in administrative custody and confined to that facility's Restricted Housing Unit (RHU). Brown filed grievances regarding his placement in the RHU at SCI–Greene. Thereafter, because of damage to his cell, Brown was given two misconduct charges—one for destruction of prison property and one for attempted escape. At the respective administrative hearings for each misconduct charge, the hearing examiner found Brown guilty.[3] As sanc-

---

2. Brown filed the civil rights action against Conner Blaine, Jr., former superintendent at SCI–Green; Correction Officers Oddo, Jackson, McCombie, Rossi, Lipscomb, Marshall and Romano (prison officials); and hearing examiners Cross and Ansell (hearing examiners). Zaborowski's status is unknown, and other than bare allegations, no facts are alleged against him.

3. The Department of Corrections' Bureau of Corrections–Administrative Directive 801 (BC–ADM 801) sets up an intra-prison disciplinary review tribunal and appeals process to administer prison discipline. Under BC–

ADM 801, a prisoner charged with misconduct first receives a hearing before a hearing examiner. Decisions of the hearing examiner may then be appealed to a program review committee (PRC), next to the superintendent of the prison, and finally to the Central Office of Review Committee (CORC). The CORC is a review panel within the Department of Corrections' Office of Chief Counsel which conducts the final review of a prison misconduct charge. *See Ricketts v. Central Office Review Committee of the Department of Corrections,* 125 Pa.Cmwlth. 670, 557 A.2d 1180 (1989)., *petition for allowance of appeal denied,* 524 Pa. 636, 574 A.2d 75 (1989).

tions for the misconduct, Brown was transferred to the long-term segregation unit (LTSU) at SCI–Pittsburgh where he spent 120 days in disciplinary custody.

Claiming that correction officers retaliated against him for filing a grievance regarding his placement in the RHU; that they fabricated charges of attempted escape and destruction of prison property to justify their retaliation; and that the hearing examiners conducting the misconduct hearing were biased against him because they were co-conspirators in the retaliation scheme, favored prison staff over inmates, and intentionally overlooked evidence that would tend to exculpate the misconduct charges, Brown filed a three-count complaint[4] in the trial court setting forth the following causes of action:[5]

- **Count II.** In this count, Brown brings two separate due process claims. First, Brown claims that his due process rights were violated under 42 U.S.C. § 1983[6] because prison officials retaliated against him for utilizing the grievance procedures contained in 37 Pa.Code § 93.9 by filing false claims against him. Second, Brown claims

that his due process rights were violated because he did not receive an impartial hearing on the misconduct charges.

- **Count III.** Brown claims that defendants Blaine and McCombie libeled him by falsely accusing him of damaging prison property and attempting to escape.
- **Count IV.** Brown raises a claim of civil conspiracy against all the prison officials in relation to these events.

In his requested relief section, Brown requested compensatory damages in the amount of $100,000 and $50,000 in punitive damages from each defendant. Brown also requested that the false reports be removed from his prison records.

Prison officials filed preliminary objections in the nature of a demurrer contending that (1) Brown did not have a private remedy under 37 Pa.Code § 93.9 regarding the retaliation claim; (2) Brown failed to state a claim under Section 1983 because Brown had no liberty interest that would trigger due process rights under the United States Constitution; and (3) sovereign immunity barred Brown's libel and

---

4. While we have denominated this as the complaint, Brown was granted leave to amend his original complaint. The trial court ruled on the amended complaint and Brown appealed therefrom.

5. In the amended complaint, Brown's first count is called Count II.

6. Section 1983 provides, in pertinent part, as follows:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but it provides a remedy for the violation of rights created under the federal constitution or under federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). In order to establish a *prima facie* case under Section 1983, a plaintiff must allege two things: (1) a person deprived the plaintiff of a federal right arising from federal law, and (2) such person acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Murtagh v. County of Berks*, 535 Pa. 50, 634 A.2d 179 (1993), *cert. denied*, 511 U.S. 1017, 114 S.Ct. 1397, 128 L.Ed.2d 71 (1994). State sovereign immunity is no defense to a Section 1983 claim. *Owens v. Shannon*, 808 A.2d 607 (Pa. Cmwlth.2002).

civil conspiracy claims. Agreeing that Brown did not state a claim under Section 1983 because Brown had not demonstrated any invalidity of the misconduct proceedings and sovereign immunity barred the libel and conspiracy claims, the trial court sustained the preliminary objections and dismissed Brown's complaint. Brown filed a motion to reconsider in which he also requested leave to amend his complaint. The trial court did not rule on the motion to reconsider or the included request for leave to amend.[7] This appeal followed.[8]

## Count II: Retaliation & Due Process

█ Brown contends in his complaint that prison officials retaliated against him by falsely accusing him of attempted escape and damage to prison property, which ultimately led to restrictive custody and transfer to LTSU, because he filed a grievance regarding his original placement in the RHU at SCI–Greene. Brown contends that these actions violated 37 Pa. Code § 93.9, but argues that he is challenging the alleged retaliation under the First Amendment of the United States Constitution[9] and Article I, § 26 of the Pennsylvania Constitution.[10]

In *Mitchell v. Horn*, 318 F.3d 523 (3d Cir.2003), the Third Circuit recently addressed whether a prisoner's retaliation claim sufficiently stated a claim under Sec-

---

7. Brown also contends that the trial court erred by failing to grant his request for leave to amend his complaint, which was incorporated into his motion for reconsideration, after the trial court had already dismissed the complaint. A request for leave to amend a complaint is left to the sound discretion of the trial court and should not be disturbed absent an abuse of that discretion. *Lutz v. Springettsbury Township*, 667 A.2d 251 (Pa. Cmwlth.1995). Because the trial court already allowed for one amendment, we cannot say that the trial court abused its discretion by not allowing an amendment on reconsideration after it had already allowed one amendment to the complaint.

8. Our scope of review of a trial court order sustaining preliminary objections on the basis that the law will not permit recovery (i.e., a demurrer) is whether the law states with certainty that no recovery is possible under the facts alleged. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). We accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deduced therefrom, and any doubt should be resolved in favor of overruling the demurrer. *Id.*

9. The First Amendment to the United States Constitution provides as follows:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. 1.

10. Article I, § 26 of the Pennsylvania Constitution provides:

Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

PA. CONST. art. I, § 26. On appeal, Brown points us to no authority regarding the violation of the Pennsylvania Constitution. To the extent that Brown is claiming some entitlement to damages under Section 1983 for violation of the Pennsylvania Constitution, such relief is not possible because Section 1983 only provides for damages when a state actor violates rights of a citizen that arise under federal law. 42 U.S.C. § 1983. In this respect, there is no possibility that Brown could recover under Section 1983 for violations of the Pennsylvania Constitution. Furthermore, because Brown does not argue on appeal with any case authority or otherwise how prison officials violated his rights under the Pennsylvania Constitution, this argument is deemed waived. Pa. R.A.P. 2119(a); *see also Upper Gwynedd Township Authority v. Roth*, 113 Pa. Cmwlth. 239, 536 A.2d 875 (1988) (argument raised in trial court but not argued before Commonwealth Court will be considered abandoned).

tion 1983 for violation of an inmate's First Amendment rights. It stated as follows:

[Prisoner's] allegation that he was falsely charged with misconduct in retaliation for filing complaints against [the Corrections] Officer ... implicates conduct protected by the First Amendment. *See Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir.2002) ("We have ... held that falsifying misconduct reports in retaliation for an inmate's resort to legal process is a violation of the First Amendment's guarantee of free access to the courts."); *Allah*, 229 F.3d at 225 (holding that an allegation that a prisoner was kept in administrative segregation to punish him for filing civil rights complaints stated a retaliation claim); *Babcock v. White*, 102 F.3d 267, 275–76 (7th Cir.1996) (prisoner could survive summary judgment on his claim that prison officials retaliated against him for "use of the 'inmate grievance system' and previous lawsuits"). Moreover, we believe that several months in disciplinary confinement would deter a reasonably firm prisoner from exercising his First Amendment rights. Finally, we agree with [Prisoner] that the word "retaliation" in his complaint sufficiently implies a causal link between his complaints and the misconduct charges filed against him.

*Mitchell*, 318 F.3d at 530. *See also Owens v. Shannon*, 808 A.2d 607 (Pa.Cmwlth. 2002).

Prison officials contend that Brown only raised a claim under 37 Pa.Code, § 93.9 of the Pennsylvania Code, which prohibits punishment of an inmate "for the good faith use of the grievance systems." Because Section 93.9 does not create a "private remedy" under *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), prison officials contend that this claim must be dismissed. However, our review indicates that in the amended complaint, Brown was not making his claim under that provision, but was claiming violations of the United States and Pennsylvania Constitutions. Accordingly, Brown has stated a cause of action for retaliation.[11]

Brown also contends that he stated a due process claim regarding the two misconduct charges of attempted escape and damaged property because he did not receive an impartial hearing.[12] Prison officials, however, contend that Brown has failed to state a claim under Section 1983 because Brown was not deprived of any liberty interest that would trigger due process rights.[13]

**11.** While a claim can be pled under Section 1983 where the prisoner alleges that he or she was falsely charged with misconduct in retaliation for filing civil complaints and for filing grievances in the prison setting, unlike the federal courts, Pennsylvania is a fact-pleading state and plaintiff's complaint must not only give a defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also contain facts that are essential to support the claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa.Super. 293, 464 A.2d 1349 (1983). A claim of retaliation is insufficiently pled where the prisoner merely alleges that he was charged and found guilty of misconduct. Otherwise, under the guise of claiming retaliation, we would turn a case filed in our

original jurisdiction into a thinly disguised impermissible appeal of the decision on the misconduct conviction. *Edmunson v. Horn*, 694 A.2d 1179 (Pa.Cmwlth.1997). In this case, a preliminary objection of the basis that factually it did not make out a cause of action was not made.

**12.** Other than his opinion, Brown has pled no facts that the hearing examiners were biased against him.

**13.** The trial court relied on *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), for the proposition that a Section 1983 claim arising from alleged unconstitutional disciplinary sanction can only stand if the plaintiff demonstrates that the sanction

■ Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Lesser restraints on a prisoner's freedom are deemed to fall "within the expected perimeters of the sentence imposed by a court of law." *Id.* If a prisoner had no protected liberty interest in remaining free of disciplinary custody, then the state owes him no process before placing him in disciplinary confinement. In *Sandin*, the Supreme Court held that 30 days of disciplinary segregation for resisting a strip search did not implicate a liberty interest because "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody" in that "conditions at [the prison] involve[d] significant amounts of 'lockdown time' even for inmates in the general population." *Sandin*, 515 U.S. at 486, 115 S.Ct. 2293.

■ In this case, Brown has not pled any facts to indicate that his liberty interests were implicated by his confinement at SCI–Greene or by the transfer to LTSU at SCI–Pittsburgh. Nothing in the complaint alleges any condition of confinement that was appreciably different from the conditions of other similarly situated inmates or that 120 days in restrictive custody could constitute an atypical scenario. *See, e.g., Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997) (15 months in administrative custody not atypical). Because Brown's confinement in LTSU did not impose an "atypical and significant hardship" on Brown in relation to ordinary prison life, Brown's transfer to the LTSU did not trigger a liberty interest and no process is due even if the transfer resulted in a less favorable living situation. Accordingly, this claim was properly dismissed.

## Count III: Libel

■ Brown contends that the false reports of attempted escape and damage to prison property were libelous [14] and led to his transfer to SCI–Pittsburgh. Prison

---

has been reversed "on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. 2364. Brown contends that the so-called " 'favorable treatment' prong of *Heck* does not apply unless (1) the Section 1983 claim implicates the fact or duration of his confinement[,]" *Leamer v. Fauver*, 288 F.3d 532 (3d Cir.2002), or (2) unless *habeas corpus* is unavailable to a prisoner. *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir.1999). Prison officials acknowledge that the continued viability of *Heck* is in doubt and instead rely on the lack of a liberty interest to contend that Brown has not been denied any due process rights. Although the trial court may have used a different rationale for dismissing this count of the complaint, we may affirm the trial court for any reason, regardless of the trial court's rationale, so long as the basis for our decision is clear on the record. *Pennsyl-vania State Police v. Paulshock*, 789 A.2d 309 (Pa.Cmwlth.2001), *appeal granted*, 571 Pa. 711, 812 A.2d 1232 (2002).

**14.** A *prima facie* case for defamation requires the plaintiff to plead the following: (1) the defamatory character of the communication; (2) publication of the communication to a third party; (3) the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury. 42 Pa.C.S. § 8343; *Feldman v. Lafayette Green Condominium Association*, 806 A.2d 497 (Pa.Cmwlth.2002). Libel is a maliciously written publication that tends to blacken a person's reputation or expose that person to public hatred, contempt or ridicule. *Feldman.* The defamatory character of a statement is a question of law for the court. *Id.* The defendant in a defamation action has the burden of proving privilege to make the statement. 42 Pa.C.S. § 8343.

officials respond by claiming sovereign immunity.

■ The Commonwealth and its agencies are immune from suit except where the General Assembly specifically waives immunity. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521. A commonwealth party is not liable unless (1) the alleged act of the commonwealth party is a negligent act for which damages would be recoverable under the common law or by statute, 42 Pa.C.S. § 8522(a), and (2) the act of the commonwealth party falls within one of the exceptions listed in 42 Pa.C.S. § 8522(b).[15] These exceptions must be strictly construed and narrowly interpreted. *Bufford v. Pennsylvania Department of Transportation,* 670 A.2d 751 (Pa.Cmwlth.1996). Even if Brown sufficiently pled his libel claim, libel does not fall within any of the exceptions to immunity and cannot be maintained as to the prison officials. 42 Pa.C.S. § 8522(b).

### Count IV: Civil Conspiracy

■ Brown contends that we must reverse the dismissal of the civil conspiracy claims[16] if we find that he stated a claim under Section 1983 because the trial court dismissed the conspiracy claim based on the dismissal of a predicate act, namely, the Section 1983 claims. Prison officials contend that dismissal was proper because the predicate acts of the conspiracy were dismissed and because Brown failed to properly plead the civil conspiracy claim.

■ A complaint claiming civil conspiracy must allege material facts which will either directly or inferentially establish elements of conspiracy. *Casner v. American Federation of State, County and Municipal Employees,* 658 A.2d 865 (Pa. Cmwlth.1995). Brown does not allege facts indicating a conspiracy or an agreement to act unlawfully, but merely makes bare allegations that prison officials did so. Because he has not pled sufficient facts to plead a conspiracy as well as the necessary predicate illegal act necessary for there to be a civil conspiracy, the trial court properly dismissed this count.

For the foregoing reasons, the trial court's order sustaining the preliminary objections of prison officials' due process, libel and conspiracy claims is affirmed, but is reversed as to the retaliation claim set forth in Count II of the Complaint.

### ORDER

And now, this *15th* day of *October,* 2003, the order of the Court of Common Pleas of

---

15. The nine exceptions to sovereign immunity are as follows: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody and control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines. 42 Pa.C.S. § 8522(b).

16. Civil conspiracy occurs where two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). To state a cause of action for conspiracy, the complaint must allege the following: (1) combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) overt act done in pursuance of common purpose; and (3) actual legal damage. *McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655 (Pa.Super.2000). A complaint alleging civil conspiracy must allege facts showing the existence of all the elements, and if the plaintiff is unable to allege facts that are direct evidence of the combination and its intent, he must allege facts that, if proved, will support an inference of the combination and its intent. *Baker v. Rangos,* 229 Pa.Super. 333, 324 A.2d 498 (1974). Bare allegations of conspiracy, without more, are insufficient to survive a demurrer. *Petula v. Mellody,* 138 Pa.Cmwlth. 411, 588 A.2d 103 (1991).

Greene County, dated December 3, 2002, sustaining the preliminary objections of prison officials is affirmed except for that portion of the order dismissing the retaliations claim is reversed.