# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oris Alvin Barner,          :
          Appellant       :
                           :
          v.               :   No. 1679 C.D. 2016
                           :   Submitted:  February 3, 2017
Correctional Officer Pientka,   :
M. Heenan, S. Luguis, Joseph   :
Holly, Correction Officer Gormley,   :
Crawford, John Kerestes, Hearing   :
Examiner Joseph H. Dupont   :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED:  June 12, 2017**

Appellant Oris Barner (Barner) appeals from an order of the Court of Common Pleas of Schuylkill County (trial court).  The trial court dismissed as frivolous under Pa. R.C.P. No. 240(j)[1] a complaint Barner filed against correctional officers Pientka, M. Heenan, and Crawford, hearing examiners S. Luguis and Joseph H. Dupont, unit manager Joseph Holly, correctional sergeant Gormley, and the superintendent at SCI-Mahanoy, John Kerestes (collectively Mahanoy

---

[1] Pa. R.C.P. No. 240(j) provides, in pertinent part, that "[i]f, simultaneous with the commencement of an action . . . a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action . . . if the allegation of poverty is untrue or if it is satisfied that the action . . . is frivolous."  Actions that lack any basis in law or fact are frivolous. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Defendants). Barner's complaint sought damages against the Mahanoy Defendants under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. We affirm the trial court's order.

Barner averred in his complaint the following facts. When Barner arrived at SCI-Mahanoy in September 2014, he informed the Mahanoy Defendants that he practiced the Rastafarian religion. (Compl. at ¶ 11.) Due to his Rastafarian beliefs, he requested a religious exemption to the SCI-Mahanoy grooming policy. (Compl. at ¶ 12.) Despite his efforts, the Mahanoy Defendants ordered Barner to cut his hair. (Compl. at ¶¶ 14-36.) Barner also received multiple punishments for refusing to cut his hair, including being marked for misconduct, instances of cell restriction, and what Barner refers to as "Disciplinary Custody." (*Id.*)

Barner's complaint set forth multiple counts that fall under two legal theories. First, the complaint alleged that four of the Mahanoy Defendants—Pientka, Holly, Gormley, and Crawford—committed malicious use of process by attempting to prevent Barner from practicing his religion. (Compl. at ¶¶ 5-7, 11-18.) The counts alleging malicious use of process also alleged that by violating Barner's First Amendment rights, the Mahanoy Defendants violated Section 1983 of the Civil Rights Act of 1871. (*Id.*) Second, the complaint alleged that the remaining four Mahanoy Defendants—M. Heenan, S. Luguis, John Kerestes, and Joseph H. Dupont—conspired to commit official oppression by depriving Barner of his ability to practice his Rastafarian faith. (Compl. at ¶¶ 7-10, 18-22.)

The trial court dismissed the complaint as frivolous under Pa. R.C.P. No. 240(j). In so doing, the trial court noted that Barner's filings "appear to be complaints about prison conditions, and as such invoke matters solely within the

2

jurisdiction of prison authorities." (Trial court order, dated August 24, 2016, at n.1.)

On appeal,[2] Barner argues that the trial court erred in dismissing his case as frivolous, because he alleged that his sincerely held religious beliefs justify his request for an exemption to SCI-Mahanoy's grooming policy.

We agree with the trial court that Barner's cause of action is frivolous. Our General Assembly codified tort claims for malicious use of process, also called wrongful use of civil proceedings or malicious prosecution, in what is commonly referred to as the "Dragonetti Act," 42 Pa. C.S. §§ 8351-8355, which became effective on February 17, 1981. *Shaffer v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. 1984). Thus, the Dragonetti Act is applicable to causes of action accruing thereafter. The Dragonetti Act provides, in pertinent part:

> **(a) Elements of action.**--A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:
>
> > (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery [sic], joinder of parties or adjudication of the claim in which the proceedings are based; and
> >
> > (2) the proceedings have terminated in favor of the person against whom they are brought.

---

[2] Our review of a trial court order dismissing an action pursuant to Pa. R.C.P. No. 240(j) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *McGriff v. Vidovich*, 699 A.2d 797, 798 n.2 (Pa. Cmwlth. 1997), *appeal denied*, 717 A.2d 1030 (Pa. 1998).

3

42 Pa. C.S. § 8351. To prevail in a claim under the Dragonetti Act, a "plaintiff must show that the defendant maliciously instituted proceedings, that the defendant lacked probable cause to institute the proceedings[,] and that the proceedings terminated in favor of the plaintiff." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1024 (Pa. Cmwlth. 2014).

Here, Barner's complaint cannot meet the elements of the Dragonetti Act, because the complaint does not allege that the Mahanoy Defendants brought a civil action against him. Absent an allegation of a lawsuit, we need not address the remaining elements. The trial court correctly determined the malicious use of process counts were frivolous.

We also agree with the trial court that Barner cannot sustain a claim for conspiracy to commit official oppression. "'[C]ivil conspiracy occurs when two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means.'" *Weaver v. Franklin Cnty.*, 918 A.2d 194, 202 (Pa. Cmwlth.), *appeal denied*, 931 A.2d 660 (Pa. 2007) (quoting *Brown v. Blaine*, 833 A.2d 1166, 1173 n.16 (Pa. Cmwlth. 2003)). A party asserting such a claim is required to aver "material facts which will either directly or inferentially establish elements of conspiracy." *Brown*, 833 A.2d at 1173. "[I]n addition to alleging the above, a plaintiff must allege facts supporting a claim for conspiracy, namely (1) the persons combined with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose, (2) an overt act in furtherance of the common purpose has occurred, and (3) the plaintiff has incurred actual legal damage." *Weaver*, 918 A.2d at 202 (citing *Brown*, 833 A.2d at 1173 n.16). "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Id.*

4

Barner's conspiracy claim fails because there is no civil cause of action for official oppression. Official oppression is a crime.[3] Barner cites to no legal authority, nor is this Court aware of any, to support the contention that official oppression is a valid civil claim. Barner's conspiracy claim, therefore, is equally untenable.

Finally, to the extent that Barner's complaint is based on a violation of his First Amendment rights, Barner's case is likewise frivolous. To succeed in a freedom of religion claim, Barner must establish that his desire to have his hair a certain length is a religious belief and that he is sincere in that religious belief. *See Meggett v. Pa. Dep't of Corr.*, 892 A.2d 872, 879 (Pa. Cmwlth. 2006), *as amended* (Apr. 24, 2006). In *Meggett*, this Court explained:

> The determination of whether a belief is religious and, therefore, entitled to protection under the First Amendment is a difficult one for a court of law established for discerning law in the secular domain. Acknowledging this difficulty, the Third Circuit drew on U.S. Supreme Court precedent[ ] to hold that the threshold requirements of a free exercise of religion claim are that the beliefs be (1) sincerely held and (2) religious in nature, in the inmate's "scheme of things." *Africa v. Commonwealth of Pennsylvania*, 662 F.2d 1025, 1030

---

[3] Official oppression is defined by Section 5301 of the Crimes Code, 18 Pa. C.S. § 5301, as follows:

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, [or] dispossession . . . ; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

5

> (3d Cir. 1981). If either requirement is not satisfied, "the court need not reach the question, often quite difficult in the penological setting, whether a legitimate and reasonably exercised state interest outweighs the proffered first amendment claim." *Africa*, 662 F.2d at 1030.

*Id.* at 880 (footnote omitted). We, however, need not delve into the sincerity of Barner's Rastafarian beliefs, because even if Barner is sincere on this point, our decision in *Meggett* instructs that the purported infringement upon Barner's free exercise of his religion is permissible. *Id.* at 884. In *Meggett*, this Court upheld the restriction on hair length for a Hebrew Israelite who claimed that having dreadlocks was part of his faith. *Id.* at 879, 884. This Court explained that hair restrictions—like the one Barner currently contests—have long been upheld, and noted that such policies serve legitimate interests like preventing the concealment and movement of contraband, aiding in identification, and advancing hygiene. *Id.* at 883-84; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests"). The same rationale holds true in Barner's case. Hair length and grooming policies serve legitimate penological interests and to the extent such policies infringe on Barner's constitutional rights, such infringement is permissible. Pursuant to our holding in *Meggett*, Barner's claim that the Mahanoy Defendants violated his First Amendment rights is frivolous.

Accordingly, we affirm the order of the trial court.

_____
P. KEVIN BROBSON, Judge

Judge Cosgrove concurs in the result only.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oris Alvin Barner,                                  :
                    Appellant               :
                                                    :
          v.                                        :    No. 1679 C.D. 2016
                                                    :
Correctional Officer Pientka,               :
M. Heenan, S. Luguis, Joseph         :
Holly, Correction Officer Gormley,   :
Crawford, John Kerestes, Hearing     :
Examiner Joseph H. Dupont            :

## **O R D E R**


AND NOW, this 12th day of June, 2017, the order of the Court of Common Pleas of Schuylkill County is AFFIRMED.


_____
P. KEVIN BROBSON, Judge