# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Gregor,              :
           Appellant    :
                    :   No. 1381 C.D. 2016
     v.               :   Submitted: March 24, 2017
                    :
Commonwealth of Pennsylvania  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**              **FILED: June 13, 2017**

       Daniel Gregor (Gregor), an inmate at State Correctional Institution Dallas (SCI-Dallas), representing himself, appeals from the order of the Luzerne County Court of Common Pleas (trial court) sustaining the Commonwealth's preliminary objections for lack of personal jurisdiction. Gregor claims employees of the Department of Corrections (DOC) violated his due process rights by denying him the opportunity to call a witness during a misconduct hearing, and retaliated against him by imposing disciplinary custody in a restricted housing unit (RHU). He argues the trial court erred because he properly served DOC at its local office. Therefore, the trial court had jurisdiction. We affirm on alternate grounds.

## I. Background

       Gregor filed suit against "the Commonwealth of Pennsylvania" seeking compensatory and punitive damages. Certified Record (C.R.), Item No. 1 (Complaint). From the body of the complaint, it is clear Gregor's reference to the Commonwealth refers to DOC. C.R. at Item No. 18, Answer to Preliminary

Objections, at ¶20. In the complaint, Gregor alleges Correctional Officer O'Haire (O'Haire) issued a false misconduct report (DC-141) against him in retaliation for reporting O'Haire for sexual harassment. O'Haire charged Gregor with allegedly "us[ing] abusive, obscene or inappropriate language while on the phone." Compl., ¶8. Gregor claims he was unable to call another inmate, who witnessed the incident, to testify in his favor at the hearing. Further, he alleges O'Haire intimidated his witness. Id. at ¶¶16-17. Although O'Haire, who authored the misconduct report, did not testify at the hearing, another correctional officer (Care) testified based on O'Haire's report. Gregor avers he was denied due process at the misconduct hearing, and he did not have the opportunity to confront his accuser under the Pennsylvania Constitution. Id. at ¶28. As a result of the hearing, Gregor was allegedly falsely imprisoned in disciplinary RHU for 43 days.

In addition, Gregor claims Care banged his door in RHU, committing assault. Gregor named other DOC employees in his complaint for various intentional acts during his administrative appeals. He also claimed John Wetzel was responsible for the acts of his staff acting in their official capacities. Id. at ¶58. He seeks damages for embarrassment, humiliation, loss of pay and false imprisonment.

The record reflects the deputy sheriff served the complaint on the Commonwealth, care of the Office of Attorney General on September 23, 2015. See Certified Record (C.R.), Item No. 11 (Return of Service). The following day, the sheriff served the complaint on the "Commonwealth," care of SCI-Dallas. Id. The sheriff attested he served Robin Lucas, "Corrections Supt. Asst., the person for the time being in charge at SCI-Dallas." Id. (emphasis added).

2

The Commonwealth filed preliminary objections to the complaint, asserting it must be dismissed pursuant to Pa. R.C.P. Nos. 1028(a)(1) for improper service, and 1028(a)(4) for legal insufficiency. The Commonwealth objected that Gregor did not serve DOC at its headquarters; rather, he served the institution. Further, the Commonwealth argued Gregor did not state a claim because the Commonwealth and its departments are not "persons" for a Section 1983 action. See 42 U.S.C. §1983. Additionally, the Commonwealth argued that claims for monetary damages are not available for alleged constitutional violations, and the defense of sovereign immunity applies.

In his response to the preliminary objections, Gregor argued service was proper under 42 Pa. C.S. §8523. He also noted the Commonwealth did not file a verification with its preliminary objections as required by Pa. R.C.P. No. 1024.

Based on the written submissions, the trial court sustained the preliminary objections by order dated April 5, 2016. Gregor filed a notice of appeal to this Court.[1]

The trial court subsequently issued an opinion in support of its order. After noting the late docketing of the notice of appeal, it reasoned Gregor did not comply with service of process rules. Because DOC was the Commonwealth defendant in this action, and it was not served, the trial court lacked personal jurisdiction. The trial court did not address the demurrer.

---

[1] The brief in support of the notice of appeal and certificate of service for the notice of appeal are dated April 13, 2016, Certified Record (C.R.), Item Nos. 31, 33, though the appeal was not docketed until August 15, 2016, C.R., Item No. 30.

## II. Discussion

On appeal,[2] Gregor argues he served process in accordance with Rule 422 of the Pennsylvania Rules of Civil Procedure because he served DOC's local office at SCI-Dallas. He also asserts strict compliance with the service rules is excused when a defendant had actual knowledge of the lawsuit and noncompliance does not prejudice the defendant. Further, he contends the preliminary objections should have been dismissed because they were unverified.

### A. Verification

First, we consider Gregor's contention that the preliminary objections should not be accepted because they lack verification.

Rule 1024(a) of the Pennsylvania Rules of Civil Procedure states, in pertinent part, "[e]very pleading containing an averment of fact not appearing of record in the action ... shall state that the averment ... is true upon the signer's personal knowledge or information and belief and shall be verified...." Pa. R.C.P. No. 1024(a). In addition, Rule 1024(c) provides, in pertinent part, that "[t]he verification shall be made by one or more of the parties filing the pleading ...." Pa. R.C.P. No. 1024(c).

Rule 1024(a) only requires verification as to facts that are not of record. Here, the sheriff's service and return of service appear of record. The return of service shows who received original process on behalf of the Commonwealth.

---

[2] Where a trial court dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. Podolak v. Tobyhanna Twp. Bd. of Sup'rs, 37 A.3d 1283 (Pa. Cmwlth. 2012).

4

Moreover, the verification requirement does not apply to a pleading that raises issues of law. In such cases, the purpose of the verification is not served. GOODRICH AMRAM 2d, §1024(a):5 (West 2012).

We are able to consider the preliminary objections to the extent they raise legal issues, based on facts of record. Therefore, the Commonwealth's lack of a verification is not fatal.

## B. Proper Service

Next, we consider the trial court's dismissal for lack of personal jurisdiction under Pa. R.C.P. No. 1028(a)(1). The trial court deemed service on SCI-Dallas improper, and sustained the objection on that basis.

Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant. Fraisar v. Gillis, 892 A.2d 74 (Pa. Cmwlth. 2006). A defect in service is not a harmless procedural error. "[T]herefore, the rules concerning service of process must be strictly followed." Cintas Corp. v. Lee's Cleaning Servs., 700 A.2d 915, 917 (Pa. 1997). "[T]he return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure." City of Phila. v. Berman, 863 A.2d 156, 160 (Pa. Cmwlth. 2004).

A party may file preliminary objections for lack of personal jurisdiction or improper service of a complaint. Pa. R.C.P. No. 1028(a)(1). The burden to comply with all procedural rules lies with the plaintiff who chose to initiate the suit. Fraisar.

5

According to Rule 400, original process "shall be served within the Commonwealth only by the sheriff." Pa. R.C.P. No. 400. Under Rule 402, "[o]riginal process may be served … at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R.C.P. No. 402(a)(iii) (emphasis added). As to service of original process on a Commonwealth agency or department, Rule 422 provides service "shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof." Pa. R.C.P. No. 422 (emphasis added).

There is no dispute that Gregor served the Office of Attorney General by sheriff as required by Rules 400 and 422. The return of service also reflects that the sheriff served the Commonwealth care of SCI-Dallas. C.R. at Item No. 11.

Gregor argues that service on SCI-Dallas comports with the law because it is a "local office" of DOC. In support, Gregor cites Section 8523 of the Judicial Code, 42 Pa. C.S. §8523.

Section 8523 is referred to as the "venue rule" for claims against a Commonwealth party. Shaffer v. Dep't of Transp., 842 A.2d 989, 992 (Pa. Cmwlth 2004). It provides: "(b) **Process.**—Service of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at the office of the Attorney General." 42 Pa. C.S. §8523 (emphasis added). The Office of Attorney General promulgates regulations for the service of process for tort claims litigation. Cortese v. Dep't of Transp., 463 A.2d 1293 (Pa. Cmwlth. 1983).

6

Service of process shall be at either the principal office designated in 37 Pa. Code §111.1, or the local office as designated in 37 Pa. Code §111.4(c). For DOC, the principal office so designated is: "the Office of Chief Counsel, 2520 Lisburn Road, Post Office Box 598, Camp Hill, Pennsylvania." 37 Pa. Code §111.1(b). The local office so designated "is the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose." 37 Pa. Code §111.4(c).

Complicating the matter before us, Gregor did not name a proper party defendant in the caption.[3] Technically, only "the Commonwealth" is named. The Commonwealth and its agencies are distinct parties. Tork–Hiis v. Commonwealth, 735 A.2d 1256 (Pa. 1999). Nonetheless, a complaint may be amended to substitute a Commonwealth agency as a party, when the agency was clear throughout the body of the complaint, and was properly served with process. Piehl v. City of Phila., 987 A.2d 146 (Pa. 2009) (reasoning failure to name agency was a technical deficiency).

From the body of the complaint, it is clear that Gregor intended to name DOC as the Commonwealth agency defendant. The local office of DOC where the cause of action arose is SCI-Dallas. See, e.g., Simons v. SCI-Camp Hill, 615 A.2d 924 (Pa. Cmwlth 1992) (noting venue for local office of SCI-Camp Hill was Cumberland County). Therefore, service on SCI-Dallas was proper as to DOC.

---

[3] Rule 2102(a)(2) provides the mechanism for naming a Commonwealth party as a defendant, stating "[a]n action against a Commonwealth agency or party shall be styled in the following manner: Plaintiff v. '—— (Name of Agency or Party) of the Commonwealth of Pennsylvania." Pa. R.C.P. No. 2102(a)(2).

Consequently, the trial court erred in dismissing the action for improper service. However, that does not end the inquiry.

Significantly, Gregor did not serve any of the DOC employees identified in his complaint as the state actors who allegedly violated his rights. Gregor's complaint purports to allege violations of constitutional due process by state actors acting in their official capacities in the nature of a Section 1983 action. He also alleges their treatment of him constituted cruel and unusual punishment.

In a Section 1983 action, our inquiry focuses on two essential elements: "(1) whether the complained of conduct was committed by a person acting under color of state law; and[,] (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States." Flagg v. Int'l Union, Sec., Police, Fire Prof'ls of Am., Local 506, 146 A.3d 300, 305 (Pa. Cmwlth. 2016) (emphasis added). The U.S. Supreme Court holds "neither a State nor its officials acting in their official capacities are persons under [42 U.S.C.] §1983." Id. (citations omitted). Gregor did not name any actor in his personal or individual capacity. Flagg; see also Compl. at ¶58. Because Gregor did not name a "person" under Section 1983, he lacks an essential element for the cause of action.

Moreover, to the extent he alleges procedural due process violations, Gregor did not allege deprivation of a liberty interest that would trigger due process rights. Brown v. Blaine, 833 A.2d 1166 (Pa. Cmwlth. 2003). As an

8

inmate, he needed to identify an "atypical and significant hardship … in relation to the ordinary incidents of prison life." Id. at 1172 (citation omitted).

Here, Gregor alleged the 43 days in RHU as disciplinary confinement constituted the deprivation at issue. However, he did not plead any facts to indicate the confinement was appreciably different from conditions of other similarly situated inmates. Decisional law has held 120 days and 15 months are not sufficiently atypical to trigger a prisoner's liberty interest. Id. Accordingly, 43 days in RHU, without facts regarding atypical conditions, does not set forth a due process claim. Therefore, Gregor fails to state a claim under Section 1983 for which relief may be granted.[4]

In addition, Gregor alleged he is entitled to damages for various torts, including false imprisonment and a higher custody level that caused pain and suffering. However, these claims are attributed to individual actors who are not named in the caption, and who were not served. Gregor does not connect the tortious acts to DOC, the only defendant served in the case.

Further, other than John Wetzel, who is named "responsible for the actions of DOC staff who act within their official capacity," Complaint at ¶58, Gregor claims DOC staff acted intentionally.

---

[4] Section 1983 provides a mechanism to remedy violations of federal constitutional or statutory rights. Flagg v. Int'l Union, Sec., Police, Fire Prof'ls of Am., Local 506, 146 A.3d 300 (Pa. Cmwlth. 2016). To the extent Gregor seeks damages for violations of his due process rights under the Pennsylvania Constitution, such relief is not available. Jones v. City of Phila., 890 A.2d 1188 (Pa. Cmwlth. 2006) (en banc).

A Commonwealth employee is protected by sovereign immunity from liability for intentional tort claims, when employees are acting in the scope of their duties. Williams v. Stickman, 917 A.2d 915 (Pa. Cmwlth 2007). This is in contrast to negligence claims, for which employees may not enjoy immunity. Id.

The statutory waiver of sovereign immunity applies to damage claims arising from negligence. 42 Pa. C.S. §8522(b). Exceptions to sovereign immunity are strictly construed to insulate the government from liability. Fagan v. Dep't of Transp., 946 A.2d 1123 (Pa. Cmwlth. 2008).

Gregor does not allege negligence claims or assert any exceptions to immunity apply here.[5] To the extent Gregor alleges intentional tort claims, which may sound in common law, such claims would be barred by sovereign immunity. Robles v. Dep't of Corr., 718 A.2d 882 (Pa. Cmwlth. 1998).

Because Gregor did not state a claim for which relief may be granted, as a matter of law, his complaint was properly dismissed under Pa. R.C.P. 1028(a)(4).[6]

---

[5] The exceptions to sovereign immunity apply to the following acts by a Commonwealth party: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) national guard activities; or, (9) toxoids and vaccines. See 42 Pa. C.S. §8522(b).

[6] When considering preliminary objections, this Court must consider as true all well-pled material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts. Kittrell v. Watson, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

10

### III. Conclusion

For the foregoing reasons, the trial court's order is affirmed on alternate grounds. <u>Brown</u>, 833 A.2d at 1172 n.13 ("Although the trial court may have used a different rationale … we may affirm the trial court for any reason, regardless of the trial court's rationale, so long as the basis for our decision is clear on the record.").

 

 

ROBERT SIMPSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Gregor,                           :
                    Appellant           :
                                         :     No. 1381 C.D. 2016
              v.                         :
                                         :
Commonwealth of Pennsylvania            :

## **O R D E R**

**AND NOW**, this 13th day of June, 2017, the order of the Court of Common Pleas of Luzerne County is **AFFIRMED** on alternate grounds.

_____
ROBERT SIMPSON, Judge