IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Coats,                                    :
                          Petitioner             :
                                                 :
          v.                                     :    No. 329 M.D. 2022
                                                 :    Submitted: March 10, 2023
Department of Corrections,                       :
                                                 :
                          Respondent             :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                        FILED: October 2, 2023


          Justin Coats (Petitioner) has filed a petition for review seeking
mandamus and declaratory relief in this Court's original jurisdiction. Petitioner
requests that an adverse disciplinary decision reached by the Department of
Corrections (Department) be rescinded and a new disciplinary hearing be granted.
In response, the Department has filed preliminary objections asserting this Court's
lack of jurisdiction and Petitioner's failure to state a claim. To the extent the
Department asserts this Court's lack of appellate jurisdiction, we sustain the
Department's preliminary objection. Conversely, we overrule its preliminary
objection to this Court's original jurisdiction because the Department has not
formulated clear and specific grounds for our review. Nevertheless, after careful
review, we *sua sponte* conclude that Petitioner has failed to invoke this Court's

original jurisdiction. Accordingly, we dismiss the petition for review with prejudice.[1]

## I. BACKGROUND[2]

Petitioner is an inmate at State Correctional Institution (SCI)-Greene. On October 11, 2021, a correctional officer attempted to conduct a parole urinalysis on Petitioner. Petitioner stated that he was unable to urinate. Instead of waiting for the officer to return, Petitioner went out to "morning yard," *i.e.*, one hour of recreational time. Petitioner received a misconduct for refusing to provide a urine sample in violation of DOC policy regarding urinalysis testing. Following a hearing, the misconduct was upheld. Thereafter, Petitioner learned that the parole board had denied his automatic reparole due to the misconduct. *See* Pet. for Rev., 6/15/22, Ex. E ("Inmate's Request to Staff Member," 11/12/21).

Petitioner filed a grievance regarding the decision, denying that he had refused to give a urinalysis sample. Following an initial review, the DOC denied Petitioner's grievance. *See id.*, Ex. C ("Initial Review Response," 1/4/22, at 1). The chief hearing examiner of the Department denied Petitioner's appeal, concluding that Petitioner had not raised a specific issue and that the grievance appeal process is not an opportunity to receive a new hearing on the merits. *See id.*, Ex. G (letter resp., 4/1/22, at 1). Further, according to the chief examiner, the findings of the hearing examiner were supported by the evidence presented at the hearing. *See id.*

---

[1] Based on our disposition, we need not consider the Department's preliminary objection by demurrer.

[2] We base the statement of facts on those alleged in the petition for review. *See* Pet. for Rev., 6/15/22. Additionally, Petitioner attached a number of documents as exhibits to his petition; all citations to said exhibits are specifically noted. *See Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (observing that courts reviewing preliminary objections may not only consider the facts pleaded in the petition for review, but also any documents or exhibits attached to it).

2

Petitioner filed a series of additional grievances, complaining that he was denied due process in the disciplinary proceedings because he was not provided copies of the policies he had violated. He also argued that he had a learning disability that impacted his ability to read, understand instructions, and understand prison policy. All of his grievances were denied. *See, e.g.*, *id.*, Ex. I ("Initial Review Response," 1/7/22).

Subsequently, Petitioner filed the instant petition for review, addressed to this Court's original jurisdiction, raising counts in mandamus and declaratory judgment. In response, the Department filed preliminary objections, arguing that to the extent Petitioner seeks appellate review of past misconduct procedures, those claims should be dismissed for lack of jurisdiction because 1) agency policies do not create enforceable rights and 2) due to disclaimer language present in the Department's policy, there is no claim arising from said policy. *See* Prelim. Objs., 7/22/22, ¶¶ 1-19. The Department also raised an objection in the nature of a demurrer, asserting that Petitioner failed to state a claim upon which relief could be granted. *See id.* ¶¶ 20-37.

## II. DISCUSSION

When reviewing preliminary objections to petitions for review in our original jurisdiction, we "must treat as true all well-pleaded, material and relevant facts together with any reasonable inference[s] that can be drawn from those facts." *Cnty. of Berks v. Pa. Off. of Open Rec.*, 204 A.3d 534, 539 n.7 (Pa. Cmwlth. 2019) (citations omitted). We are not required to accept as true "conclusions of law, unwarranted inferences from facts, expressions of opinion or argumentative allegations." *See id.* "[W]here any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the

3

preliminary objections." *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006).

## A. Appellate Jurisdiction

The Department's first preliminary objection asserts that Petitioner's claims should be dismissed for lack of jurisdiction. *See* Prelim. Objs., ¶¶ 1-19. According to the Department, to the extent Petitioner seeks appellate review of past misconduct procedures, those claims should be dismissed for a lack of jurisdiction. *See* Prelim. Objs., ¶ 13. We agree. "Inmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications subject to appellate review." *Hill v. Dep't of Corr.*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013).

## B. Original Jurisdiction

The Department also asserts that this Court lacks original jurisdiction over Petitioner's claims. For example, according to the Department, to the extent that Petitioner's claims could be interpreted as "springing from an alleged violation of [the Department's] own internal regulations,"[3] this Court would "not have original jurisdiction to consider such a claim" as the regulations themselves do not confer actionable rights." *See id.*, ¶¶ 14-15; Dep't's Br. at 12-13 (unpaginated). Moreover, the Department claims, disclaimer language included in its policy specifically advises inmates that grievances do not create enforceable rights and, thus, precludes any claim in our original jurisdiction. *See* Prelim. Objs., ¶¶ 16-19; *see also* Dep't's Br. at 12-13.

In our view, these preliminary objections to our original jurisdiction do not address adequately the substance of Petitioner's petition, which purports to

---

[3] The Department uses "regulations" and "policies" interchangeably.

allege a violation of his right to procedural due process.[4] *See id.*, ¶¶ 14-15; Dep't's Br. at 12-13 (unpaginated). As the Rules of Civil Procedure require, preliminary objections must state specifically the grounds relied on. *See* Pa.R.Civ.P. 1028(b). The Department has not stated specific, relevant grounds here, and accordingly, we overrule this objection as stated. *Pa. State Lodge, Fraternal Ord. of Police*, 909 A.2d at 416.

However, this does not end our inquiry. "The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs." *Blount v. Phila. Parking Auth.*, 965 A.2d 226, 229 (Pa. 2009) (citation omitted). It presents a "fundamental issue of law" that we may raise *sua sponte*. *Id.*

The Fourteenth Amendment to the United States Constitution provides, in relevant part, that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest." *Brown v. Blaine*, 833 A.2d 1166, 1172 (Pa. Cmwlth. 2003). "If, and only if, the party establishes the deprivation of a protected interest, will the Court consider what type of procedural mechanism is required to fulfill due process." *See Shore v. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017).

In the context of prison litigation, "the Department's decisions regarding inmate misconduct convictions generally fall outside the scope of our original jurisdiction, even where a prisoner's constitutional rights have allegedly been violated." *Feliciano v. Dep't of Corr.*, 250 A.3d 1269, 1270 (Pa. Cmwlth.

---

[4] The Department does not address procedural due process in its preliminary objection to jurisdiction, but rather obliquely in the context of its preliminary objection by demurrer. *See* Prelim. Objs., ¶¶ 20-27.

5

2021), *aff'd,* 283 A.3d 196 (Pa. 2022). However, a prisoner may invoke our original jurisdiction by identifying an interest not limited by Department regulations and affected by a final Department decision. *See Feliciano*, 250 A.3d at 1275. A procedural due process violation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[5] *See Feliciano*, 350 A.3d at 1275-76 (citing *Brown*, 833 A.2d at 1172). If a petitioner cannot show such a violation, the disciplinary decision is "not an adjudication subject to this Court's review and therefore falls outside the scope of our original jurisdiction." *See Feliciano*, 250 A.3d at 1275 (citing *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 359 (Pa. 1998)).

Petitioner's claims are difficult to parse. *See generally* Pet. for Rev. He appears to assert that the process afforded him by the Department, *i.e.*, his disciplinary proceedings, was "atypical" and caused him "significant hardship." *Id.*, ¶ 17. However, Petitioner does not challenge any specific sanction imposed but merely pleads broadly that his sentence was improperly enhanced or extended. *See id.*, at ¶¶ 17-23. Petitioner does not qualify the nature of his incarceration, for example, whether he served confinement in disciplinary segregation, nor does he quantify any extended period of incarceration. *See generally id.* Ultimately, construing his pleadings liberally, we infer that Petitioner challenges the denial of his reparole and any additional time spent incarcerated as a deprivation of his liberty interest.[6] *See generally id.*

---

[5] This is in contrast to lesser restraints on a prisoner's freedom, which are deemed to fall "within the expected perimeters of the sentence imposed by a court of law." *Brown*, 833 A.2d at 1172 (cleaned up).

[6] We acknowledge Petitioner's arguments that he was denied access to certain confidential Department policies and that he suffers from an undisclosed, "unique mental infirmity." *See* Pet. for Rev., ¶ 17; *see generally* Pet'r's Br. However, such arguments are critical of the process afforded Petitioner rather than any resulting deprivation of a liberty interest.

We are not prepared to recognize a procedural due process claim herein. It is well settled that there is no right to parole or reparole: the grant of either "is a matter of grace and administrative discretion." *Bostic v. Pa. Bd. of Prob. & Parole*, 682 A.2d 401, 403 (Pa. Cmwlth. 1996); *see also Bowman v. Pa. Bd. of Prob. & Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998) ("Although a prisoner has a right to apply for parole upon the expiration of his minimum term, under Pennsylvania law a prisoner has no absolute right to be released from prison upon the expiration of that minimum term."). Moreover, because parole is discretionary, its denial does not constitute an improper enhancement of a sentence, nor will we characterize the denial of parole as an atypical and significant hardship such as would invoke our original jurisdiction.[7] *See Feliciano*, 350 A.3d at 1275-76; *see also Sandin v. Conner*, 51 U.S. 472, 487 (1995) (rejecting procedural due process claim brought by prisoner in Hawaii that a misconduct charge would impact his chances of parole as "too attenuated").

### III. CONCLUSION

For the foregoing reasons, we sustain the Department's preliminary objection to this Court's appellate jurisdiction and overrule as stated its objection to our original jurisdiction. Nevertheless, we *sua sponte* conclude that Petitioner has

---

[7] Even if we were to conclude that Petitioner had invoked our jurisdiction, we discern no grounds for relief. In prison disciplinary proceedings, an inmate is entitled to "advance written notice of the claimed violation[;] a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken[;] . . . . [and the ability] to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *See Feliciano*, 250 A.3d at 1275 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563, 566 (1974)). By his own admission and the exhibits attached to his petition for review, Petitioner was provided with advance written notice of the claimed violation, a statement of the evidence the Department relied upon, and the reasons for the disciplinary action taken. *See* Pet. for Rev., Exs. A-I. Accordingly, Petitioner cannot claim that the Department violated his procedural due process rights. *See Feliciano*, 250 A.3d at 1275.

7

failed to invoke this Court's original jurisdiction. Accordingly, we dismiss the petition for review with prejudice.[8]

_____

LORI A. DUMAS, Judge

Judge Ceisler dissents.

---

[8] The *Feliciano* Court recognized that prior precedent considering procedural due process claims was inconsistent. 250 A.3d at 1275-80 (discussing cases). It therefore granted the petitioner therein leave to amend his petition. *Id.* at 1280. However, following this Court's clear articulation of the components of a viable procedural due process claim, such relief is unwarranted here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Coats,
           Petitioner

         v.

Department of Corrections,

           Respondent

:
:
:
:
:
:
:
:
:

No. 329 M.D. 2022

## **O R D E R**

AND NOW, this 2nd day of October, 2023, the Department of Corrections' (Department) preliminary objection to this Court's appellate jurisdiction is SUSTAINED; the Department's preliminary objection to this Court's original jurisdiction is OVERRULED as stated. Nevertheless, the Court concludes *sua sponte* that Petitioner Justin Coats has failed to invoke this Court's original jurisdiction. Accordingly, the petition for review, filed June 15, 2022, is DISMISSED WITH PREJUDICE.

LORI A. DUMAS, Judge