# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,               :
            Appellant       :
                            :
        v.                 :    No. 432 C.D. 2017
                            :    Submitted: January 12, 2018
A. Clark, D. Campbell, Steven Glunt,   :
and Dorina Varner               :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**                 **FILED: March 2, 2018**

Lamar Brown (Brown), an inmate incarcerated at the State Correctional Institution (SCI) at Albion, representing himself, appeals from an order of the Centre County Court of Common Pleas (trial court).[1] The trial court sustained the preliminary objections of A. Clark (Clark), D. Campbell (Campbell), Steven Glunt (Glunt), and Dorina Varner (Varner) (collectively, SCI Defendants), and dismissed Brown's defamation complaint. Upon review, we affirm the trial court's order.

## I. Background

Other than including their names in the caption, Brown's complaint contained no mention of Campbell, Glunt, or Varner. Brown alleges that Clark, an employee in the prison commissary, falsely reported to the unit manager that Brown threw his identification at Clark and used profanity. Brown received a verbal reprimand from the unit manager as a result of Clark's report.

---

[1] The Honorable Katherine V. Oliver presided.

In his complaint, Brown avers Clark defamed him by making the false report to the unit manager. He alleges Clark violated the Department of Corrections' (DOC) code of ethics by making a false report. Brown further avers Clark was not acting within the scope of her employment when violating the code of ethics.

The SCI Defendants jointly filed preliminary objections in the nature of demurrers to the complaint. All four SCI Defendants asserted that sovereign immunity barred Brown's action. See 1 Pa. C.S. §2310. In addition, Campbell, Glunt, and Varner sought dismissal because the complaint contained no averments concerning them.

After briefing by the parties, the trial court sustained the SCI Defendants' preliminary objections. The trial court found all four SCI Defendants were shielded by sovereign immunity. The trial court further found that the complaint failed to plead any facts to support claims against Campbell, Glunt, and Varner.

This appeal followed.[2]

## II. Issue

On appeal,[3] Brown argues Clark is not entitled to sovereign immunity. He asserts that Clark's allegedly false report about Brown's conduct violated the

---

[2] Brown filed his appeal in the Superior Court, which transferred the case to this Court.

[3] This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. Kull v. Guisse, 81 A.3d 148 (Pa. Cmwlth. 2013), appeal denied, 91 A.3d 163 (Pa. 2014). A trial court

2

DOC code of ethics, and, therefore, was outside the scope of her employment. Brown asserts no argument relating to the trial court's dismissal of Campbell, Glunt, and Varner.

### III. Discussion

Defamation is an intentional tort, and Commonwealth personnel are immune from liability for intentional torts when acting in the scope of their employment. Wilson v. Marrow, 917 A.2d 357 (Pa. Cmwlth. 2007). Conduct is within the scope of employment when it is the type of activity the person is employed to perform, occurs in an authorized time and space, is at least partly in service of the employer's interest, and does not involve a degree of force beyond that expected by the employer. Kull v. Guisse, 81 A.3d 148 (Pa. Cmwlth. 2013), appeal denied, 91 A.3d 163 (Pa. 2014) (citing RESTATEMENT (SECOND) OF AGENCY §228(1958)).

Here, Brown attempts to avoid the shield of sovereign immunity by alleging that Clark violated the DOC code of ethics. Brown reasons that by doing so, Clark acted outside the scope of her employment. This argument is without merit.

Brown asserted the same argument in Brown v. Sayors (Pa. Cmwlth., No. 1509 C.D. 2015, filed July 13, 2016), 106 Pa. Commw. Unpub. LEXIS 497 (unreported). In Sayors, as here, Brown claimed a prison employee made false

---

may sustain preliminary objections only if it appears with certainty that the law will not allow recovery. Id. All well-pled facts in the complaint and all reasonable inferences from those facts are accepted as true. Id. However, a court need not accept as true unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. Id.

3

reports of threatening and abusive speech by Brown. As here, Brown contended the allegedly false statements were outside the scope of the defendant's employment because the statements violated the DOC code of ethics.

This Court squarely rejected Brown's argument in Sayors. We concluded allegations of false or fabricated misconduct reports do not overcome the bar of sovereign immunity. Id. (citing Kull; Brown v. Blaine, 833 A.2d 1166 (Pa. Cmwlth. 2003)). Sayors is consistent with other decisions of this Court applying sovereign immunity to defamation claims against Commonwealth personnel. See, e.g., Wilson; Blaine; Yakowicz v. McDermott, 548 A.2d 1330 (Pa. Cmwlth. 1988), appeal denied, 565 A.2d 1168 (Pa. 1989); Fennell v. Grove (Pa. Cmwlth., No. 995 C.D. 2015, filed March 18, 2016), appeal denied, 159 A.3d 938 (Pa. 2016), 2016 Pa. Commw. Unpub. LEXIS 228 (unreported).

Moreover, in Fennell, this Court held that an alleged violation of the DOC code of ethics was immaterial to the issue of whether prison personnel's defamatory statements were within the scope of their employment. Id. (citing La Frankie v. Miklich, 618 A.2d 1145 (Pa. Cmwlth. 1992)). Sayors and Fennell offer persuasive precedents. 210 Pa. Code §69.414(a).[4]

Additionally, in Holt v. Northwest Training Partnership Consortium, 694 A.2d 1134 (Pa. Cmwlth. 1997), this Court upheld the application of sovereign immunity to a prison warden for an alleged intentional tort. The plaintiff in Holt, a

---

[4] Notably, in Brown v. Fox, No. 14-109 Erie (W.D. Pa. May 12, 2017), 2017 U.S. Dist. LEXIS 72597, a federal district court upheld federal sovereign immunity in yet another intentional tort claim by Brown against prison personnel.

4

transsexual, alleged that the warden tortiously interfered with the plaintiff's employment by denying the plaintiff access to inmates to perform job training duties. This Court concluded the warden's conduct, even if tortious, was within the scope of his employment because it also furthered the maintenance of order in the prison.

Similarly, here, Clark's allegedly false report of misconduct by Brown facially furthered the maintenance of order by promoting orderly behavior by inmates. Thus, like the warden's conduct in Holt, Clark's conduct was within the scope of her employment because it served, at least in part, her employer's interest.

Brown's reliance on Jacobs v. Department of Corrections, No. 04-1366 (W.D. Pa. Sept. 21, 2009), 2009 U.S. Dist. LEXIS 86060, is misplaced. In Jacobs, a federal district court, applying Pennsylvania law, declined to enter summary judgment for the defendant on the basis of sovereign immunity. However, Jacobs is factually distinguishable. Unlike Brown here, the plaintiff in Jacobs averred facts demonstrating that the defendant's allegedly false report concerning the plaintiff served the defendant's personal interest in concealing his own misconduct. Because Brown alleges no facts suggesting any personal interest served by Clark's alleged false report, Jacobs is inapplicable. Significantly, the federal trial court's application of Pennsylvania law in Jacobs also conflicts with this Court's precedents cited above.

## IV. Conclusion

Brown neither averred facts nor cited applicable authority to overcome Clark's assertion of sovereign immunity. Therefore, this Court affirms the trial court's order sustaining Clark's preliminary objections and dismissing Brown's complaint.


_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,      :
      Appellant :
         :
   v.      :  No. 432 C.D. 2017
         :
A. Clark, D. Campbell, Steven Glunt, :
and Dorina Varner    :

## O R D E R

**AND NOW**, this 2nd day of March, 2018, the order of the Court of Common Pleas of Centre County is **AFFIRMED**.

         _____
         ROBERT SIMPSON, Judge