# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Santo Borrero-Bejerano,<br>                Appellant | :<br>:<br>: |
| v. | :   No. 453 C.D. 2018<br>:   Submitted: December 21, 2018 |
| Commonwealth of Pennsylvania,<br>Department of Corrections,<br>SCI Huntingdon, Mr. Kevin Kauffman<br>C/O Butler Search Team at SCIH and<br>Property Sergeant Anders, of<br>SCI-Huntingdon | :<br>:<br>:<br>:<br>:<br>: |

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**              **FILED: February 8, 2019**

       Santo Borrero-Bejerano (Inmate), representing himself, appeals from an order of the Court of Common Pleas of Huntingdon County (trial court) that sustained preliminary objections and dismissed his complaint with prejudice. Upon review, we affirm most of the trial court's order, vacate part of the trial court's order, and remand for further proceedings.

## I. Background

       Appellees are the Commonwealth of Pennsylvania (Commonwealth), the Department of Corrections (Department), State Correctional Institution (SCI)-Huntingdon, Mr. Kevin Kauffman (Kauffman), Corrections Officer (C/O) Butler (Butler), and Property Sergeant Anders (Anders) (collectively DOC Parties).

Kauffman is the Superintendent at SCI-Huntingdon. Butler and Anders are Department employees serving at SCI-Huntingdon.

Because this appeal concerns preliminary objections, we accept the following facts as pleaded in the complaint.[1]

Inmate is currently incarcerated at SCI-Huntingdon. When he entered prison in 2012, he possessed and was wearing a Seiko watch worth over $5,000. The watch was duly listed on his property inventory, but its monetary value was not noted. Although the Department ostensibly has a policy limiting to $50.00 the value of a watch an inmate may retain, the property inventory Inmate signed did not indicate any limit on the value of retained property, nor did the policy appear in the inmate handbook Inmate received upon incarceration. Inmate was not instructed either to turn in the watch or to mail it home. Inmate retained his watch for the next five years without incident.

In February 2017, Butler and another officer employed at SCI-Huntingdon entered Inmate's cell and conducted a random security search. The Department's search policy states inmates are permitted to be present when their cells are searched, unless there are exigent circumstances such as an investigation of misconduct. Inmate received no previous citation for misconduct and was not under

_____

[1] This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or an abuse of discretion. Brown v. Clark, 184 A.3d 1028 (Pa. Cmwlth. 2018). The trial court may sustain preliminary objections only where it appears with certainty that the law will not allow recovery. Id. Courts accept as true all well-pleaded facts and all reasonable inferences from those facts, but need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. Id.

investigation. Nonetheless, Butler and his fellow officer conducted the February 2017 search while Inmate was absent from his cell for work at his paid job in the prison kitchen.

During the search, Butler removed Inmate's watch from his cell without the knowledge of his fellow officer. Butler did not provide a confiscation slip for the watch as required by Department policy.

Inmate reported to the block sergeant that his watch was gone and there was no confiscation slip. At the block sergeant's direction, Butler provided a confiscation slip. Butler stated on the confiscation slip that he removed Inmate's watch because it was "not his." Compl., ¶15 & Ex. 1. Butler accused Inmate of stealing the watch and stated Inmate would not get the watch back no matter what he did.

Inmate next contacted Anders, the property sergeant, about his watch. Like Butler, Anders accused Inmate of stealing the watch. Compl., ¶24. Anders stated that the watch was not listed on Inmate's property inventory. Compl., ¶19 & Ex. 2. Inmate obtained a copy of his property inventory form and showed Anders that the watch was indeed listed on the form. Compl., ¶¶20-22 & Ex. 4. Anders still refused to return Inmate's watch, stating that listing the watch on the property inventory did not make it Inmate's property. Compl., ¶23 & Ex. 5.

Anders also threatened Inmate with retaliation if Inmate filed a grievance or continued asking for the return of his watch. Anders told Inmate he would end up in the restricted housing unit and still would never get his watch back.

Inmate nonetheless filed a grievance seeking the return of his watch. Two days later, Butler confiscated Inmate's television and electronic drum set and cited Inmate for misconduct, stating the items were not his. Both items were returned to Inmate, but Butler confiscated the drum set a second time and issued misconducts for Inmate's possession of the items, even after Inmate proved they belonged to him.

In March 2017, Inmate spoke personally with Kauffman and asked him to stop the threats and harassment by Anders and Butler. Their conduct apparently ceased for a time, but then resumed. In May 2017, for example, as Inmate was on his way to church, Butler stopped him in the hall, searched him roughly, threw his belongings on the floor, and laughed at him.[2]

Inmate's grievance concerning his watch was upheld. However, Anders then stated he was unable to locate Inmate's watch to return it to him. As a result, Inmate received a compensatory credit to his prison account of only $26.72, the price of a watch sold in the prison commissary.

---

[2] In his brief on appeal, Inmate alleges he suffered additional retaliation for filing his grievance, including a misconduct based on fabricated facts, transfer out of the honors block, and loss of his paid job. However, Inmate did not plead these alleged events in the complaint, and attachment of supporting documents to his brief does not make those documents part of the record. See Pa. Dep't of Educ. v. Bagwell, 114 A.3d 1113 (Pa. Cmwlth. 2015). Therefore, we cannot consider them on appeal. Id.

4

Inmate appealed his grievance to the next stage of the grievance process. The grievance coordinator acknowledged Inmate's watch was worth more than $50.00, but limited Inmate's total recovery to that amount, citing the Department's policy limiting the value of a watch retained by an inmate. Inmate therefore received a further credit of $23.28 to his account in addition to the prior credit of $26.72, for a total of $50.00.

Inmate appealed further until he exhausted the administrative grievance process, but he was unable to recover either the watch or its full value. Inmate then filed a civil complaint in the trial court.

Count I of the complaint alleged the DOC Parties, and specifically Butler and Anders, deprived Inmate of his property rights by committing intentional or negligent conversion, acting with either an evil motive or reckless indifference to Inmate's rights. Inmate also averred the DOC Parties acted under color of state law. Count II alleged intentional infliction of emotional distress (designated "mental distress" in the complaint). Compl. at ¶11. Count III alleged failure to protect Inmate's property.

The DOC Parties filed preliminary objections on four bases. First, all DOC Parties asserted immunity,[3] arguing that the complaint asserted only claims

---

[3] A defendant must ordinarily plead immunity, an affirmative defense, as new matter with the answer to the complaint, not as a preliminary objection. Pa. R.C.P. No. 1030; Paluch v. Pa. Dep't of Corr., 175 A.3d 433 (Pa. Cmwlth. 2017). However, if the plaintiff fails to object to the assertion of immunity as a preliminary objection and the issue of immunity may be decided from the face of the complaint, the trial court may dispose of the issue on preliminary objections. Id. Here, Inmate did not object to the assertion of immunity as procedurally improper.

arising from intentional conduct and that the legislature did not waive sovereign immunity regarding intentional conduct. Second, the Commonwealth asserted separate immunity from all claims, arguing that waivers of immunity apply only to Commonwealth agencies and agents, not to the Commonwealth itself. Third, the DOC Parties alleged defective service, in that Inmate did not cause the complaint to be served on the Attorney General of Pennsylvania. Finally, the DOC Parties moved to strike Inmate's complaint for failure to separate his claims correctly.

The trial court agreed with the DOC Parties that all averments related to intentional torts as to which immunity was not waived. Therefore, the trial court dismissed Inmate's complaint with prejudice. This appeal followed.

## II. Discussion

Inmate's statement of issues on appeal is somewhat unclear, but we discern three arguments. First, we consider Inmate's contention that the trial court improperly dismissed the complaint based on his failure to file a brief in opposition to the DOC Parties' preliminary objections. Next, we address Inmate's argument that the trial court's decision violated his right to a jury trial under the Seventh Amendment to the U.S. Constitution. Finally, we consider Inmate's assertion that the trial court erroneously failed to view the averments of the complaint in the light most favorable to him.

### A. Failure to Brief the Preliminary Objections

Inmate first argues the trial court should not have dismissed his complaint merely because he did not file a brief in opposition to the DOC Parties' preliminary objections. Inmate points out he filed an answer to the preliminary

6

objections, including both a challenge under 42 Pa. C.S. §8522(b)(3) (providing an exception to sovereign immunity for certain negligence claims) to the DOC Parties' assertion of immunity, and an argument that Butler was acting outside the scope of his employment in taking Inmate's watch with intent to keep it. Inmate asserts, and the trial court acknowledged, that its briefing order did not require any party to file a brief concerning the DOC Parties' preliminary objections.

However, our review of the trial court's Pa. R.A.P. 1925(a) opinion reveals that the trial court did not base its decision on Inmate's failure to file a brief in opposition to the DOC Parties' preliminary objections. Rather, the trial court dismissed Inmate's complaint solely because the trial court determined the complaint alleged only intentional conduct that was shielded from legal action by sovereign immunity.[4]

Moreover, although Inmate contends he received the briefing order too late to allow sufficient time to file a brief, he was not prejudiced by late receipt of the order. As he himself observes, he presented his arguments against dismissal in his answer to the preliminary objections.

Therefore, we conclude this argument by Inmate is without merit.

---

[4] Because it dismissed the complaint with prejudice on the basis of immunity, the trial court did not reach the other preliminary objections concerning the Commonwealth's separate immunity, lack of service on the Attorney General, and failure to divide the complaint correctly into separate counts.

7

## B. Seventh Amendment Rights

Inmate contends the trial court violated his right to a jury trial by dismissing his civil complaint before it could be tried. However, Inmate himself concedes that a trial court may dismiss an action on preliminary objections where, based on the averments of the complaint, the plaintiff can prove no set of facts entitling him to relief. See Brown v. Clark, 184 A.3d 1028 (Pa. Cmwlth. 2018). Inmate cites no authority, and this Court is aware of none, suggesting that such a dismissal implicates a purported constitutional right relating to a jury trial in a civil action. Therefore, this argument is also without merit.

## C. Failure to Construe the Complaint in Favor of Inmate
### 1. Intentional Tort Claims

Inmate argues the trial court erred by failing to construe the complaint in the light most favorable to Inmate as the party opposing preliminary objections. We discern merit in this argument with respect to Inmate's intentional conversion claim against Butler. However, the argument lacks merit with respect to Inmate's other intentional state law tort claims.

Commonwealth agents are immune from liability for intentional torts committed in the scope of their employment. Brown v. Clark. "Conduct is within the scope of employment when it is the type of activity the person is employed to perform, occurs in an authorized time and space, is at least partly in service of the employer's interest, and does not involve a degree of force beyond that expected by the employer." Id. at 1030.

### a. Intentional Conversion

Count I of the complaint avers, in part,[5] intentional conversion of Inmate's personal property. Inmate specifically alleges that the DOC Parties' actions were "pursuant to policies, customs, practices, rules, regulations, ordinances, statutes, and/or usages of the state of Pennsylvania, the [Department], and/or SCI-Huntingdon." Compl., ¶50. However, regarding Butler's conduct, the complaint also contains allegations suggesting Butler stole the watch intending to keep it. See Compl., ¶¶23, 30, 39-41.

Regarding the DOC Parties other than Butler, we discern no possible construction of Inmate's pleading other than that they were acting in the scope of their employment. Thus, the trial court correctly concluded they are immune from liability for the intentional torts asserted in Count I of the complaint.

Regarding Butler, however, the complaint raises a question of fact whether he acted in the scope of his employment or for personal reasons in taking Inmate's watch. See, e.g., Compl., ¶¶35 (Inmate asked Kauffman to file criminal charges against Butler and Anders), 39 (Butler's taking of the watch was theft), 40 (Butler took the watch intending to keep it and pretend it was lost), 46 (Butler took the watch and had to be forced to provide a confiscation slip). If he acted outside the scope of his employment by stealing Inmate's watch, he is not entitled to immunity

---

[5] As discussed below, Count I also pleads negligence and claims under 42 U.S.C. §1983. A party may plead alternative legal theories. Pa. R.C.P. No. 1020(c).

from Inmate's intentional conversion claim.[6]  1 Pa. C.S. §2310; <u>Scott v. Commonwealth</u> (Pa. Cmwlth., No. 1557 C.D. 2013, filed March 7, 2014), 2014 Pa. Commw. Unpub. LEXIS 154 (unreported).[7]  Therefore, the trial court erred by dismissing the intentional conversion claim against Butler at the preliminary objection stage.  <u>Id.</u>

### b. Intentional Infliction of Emotional Distress

Count II of the complaint asserts a claim of intentional infliction of emotional distress.  Count II incorporates the averment in Count I that the DOC Parties' actions were "pursuant to policies, customs, practices, rules, regulations, ordinances, statutes, and/or usages of the state of Pennsylvania, the Department of Corrections, and/or SCI-Huntingdon."  Compl., ¶¶50, 52.  Moreover, Inmate does not aver any facts suggesting that Butler acted outside the scope of his employment for purposes of the claim in Count II.  Accordingly, we conclude the trial court correctly dismissed the claim of intentional infliction of emotional distress as to all DOC Parties.

---

[6] This case is analogous to <u>Scott v. Commonwealth</u> (Pa. Cmwlth., No. 1557 C.D. 2013, filed March 7, 2014), 2014 Pa. Commw. Unpub. LEXIS 154 (unreported), where an inmate claimed a prison employee stole his radio while searching his cell.  The Department in <u>Scott</u> asserted, in support of its preliminary objections, that the property taken was contraband in which the inmate had no property interest.  The Department similarly argues here that Inmate's watch was contraband to the extent its value exceeded $50.00.  This Court stated in <u>Scott</u> that the trial court could not accept an outside-the-complaint factual allegation in support of a preliminary objection.

[7] We cite this case as persuasive authority pursuant to 210 Pa. Code §69.414.

10

## 2. Negligence Claims

The trial court determined the complaint asserted only intentional tort claims. We agree as to Butler, inasmuch as Inmate repeatedly avers that Butler took the watch with the intent not to return it. However, reading the complaint as a whole and construing it in the light most favorable to Inmate, as we must, we conclude the complaint asserts claims of negligence as well as intentional torts against the other DOC Parties.

A claim of negligent conversion will lie under 42 Pa. C.S. §8522(b)(3), which provides an exception to sovereign immunity for claims of negligence arising from "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including … property of persons held by a Commonwealth agency …." Id. Specifically, an inmate may maintain an action for negligent conversion against Department personnel arising from good faith conduct or loss-occasioning carelessness. Shore v. Pa. Dep't of Corr., 168 A.3d 374 (Pa. Cmwlth. 2017).

Count I alleges the DOC Parties committed conversion "negligently" as well as intentionally. Compl., ¶49. The DOC Parties argue this is the only mention of negligence in the entire complaint, and such a passing reference is insufficient to plead a negligence claim. However, although most of the complaint's averments suggest intentional conduct, a fair reading of the complaint reveals averments suggesting negligence as well. The complaint's introductory paragraph specifically cites 42 Pa. C.S. §8522(b)(3) as one basis of Inmate's claims. See Wheeler v. Delbalso (Pa. Cmwlth., No. 639 C.D. 2015, filed November 3, 2015), 2015 Pa. Commw. Unpub. LEXIS 809 (unreported) (plaintiff inmate's reliance on

11

42 Pa. C.S. §8522(b)(3) in complaint supported inference that complaint asserted negligence claim). Count III alleges failure to protect property with the care required by law and Department policy.[8] Additionally, the complaint avers: (1) Anders was "unable to locate the watch," Compl., ¶29; (2) Department personnel, not Inmate, determined whether he could retain the watch upon his incarceration, Compl., ¶¶36, 45; (3) the Department has no system to determine the value of watches retained by inmates, Compl., ¶36; (4) the Department concluded the watch was lost, Compl., ¶45; and (5) neither Department personnel nor any written materials provided to or signed by Inmate upon incarceration informed him of the $50.00 limit on the value of a watch retained by an inmate, Compl., ¶47.

Giving Inmate the benefit of all reasonable inferences from these pleaded facts, the complaint alleges that one or more of the DOC Parties (other than Butler) negligently contributed to the loss of his watch by failing to retain or protect it as required by law and Department policies.[9] This is sufficient, for purposes of preliminary objections, to arguably bring Inmate's negligence claims within the

_____

[8] Inmate describes this as a claim of "constructive conversion." Compl., ¶56. Black's Law Dictionary defines "constructive conversion" as "implied or virtual conversion, which takes place where a person does such acts in reference to the goods of another as amount in law to the appropriation of the property to himself." BLACK'S LAW DICTIONARY 300 (5th ed. 1979). This definition does not preclude a claim sounding in negligence.

[9] Notably, the Department's policy concerning inmates' property contemplates the possibility of legal action. DC-ADM 804, which may be found on the Department's website at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievances.pdf (last visited Jan. 23, 2019), provides that if an inmate notifies the facility manager or grievance coordinator that he intends to file a court action regarding confiscated personal property, that property will be held with a notation that further possible legal action is pending.
   Moreover, even if the inmate gives no such notice, the policy provides the Department will offer the inmate the choice of having the confiscated property shipped elsewhere or destroyed. Here, Inmate avers the watch was destroyed without allowing him the option of shipping it home.

exception to sovereign immunity set forth in 42 Pa. C.S. §8522(b)(3). Accord Wheeler (although complaint did not expressly plead negligence, averments of defendants' duties and breaches thereof, and resulting damages, sufficiently triggered exception to sovereign immunity under 42 Pa. C.S. §8522(b)(3)); Pelzer v. Pry (Pa. Cmwlth., No. 50 C.D. 2012, filed May 15, 2013), 2013 Pa. Commw. Unpub. LEXIS 378 (unreported) (duties of property and security officers include transporting, receiving, inventorying, and searching inmate property, giving rise to inference that they must perform such duties in non-negligent manner). The trial court erred by finding the complaint alleged only intentional conduct.

### 3. Section 1983 Claim

42 U.S.C. §1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

Inmate's complaint does not specifically cite Section 1983 as a basis of his claims. However, Count I alleges a deprivation of property rights under color of state law. In addition, Inmate's prayer for relief seeks an award of attorney fees under 42 U.S.C. §1988, the fee-shifting provision applicable to Section 1983 claims. The DOC Parties concede, "[i]t is not entirely clear whether Count I of the complaint was intended to bring conversion claims under Pennsylvania law or Fourteenth Amendment claims under 42 U.S.C. §1983." Br. for Appellees at 23-24.

13

Moreover, as described above, Inmate alleges he suffered retaliation because he filed a grievance seeking the return of his watch. An averment that an inmate suffered retaliation for accessing the administrative grievance process implicates conduct protected by the First Amendment, for purposes of a claim under Section 1983. Brown v. Blaine, 833 A.2d 1166 (Pa. Cmwlth. 2003).

Accordingly, we conclude the complaint contains averments implicating Section 1983 claims. Thus, we must determine whether Inmate may assert such claims here.

### a. Sovereign Immunity

Sovereign immunity shields the Commonwealth from Section 1983 claims.[10] Shore. Because the Department is an executive agency, it shares the Commonwealth's immunity. Id. The same is true for SCI-Huntingdon as an instrumentality of the Commonwealth. Berthesi v. Pa. Bd. of Prob. & Parole, 246 F. Supp. 2d 434 (E.D. Pa. 2003) (prison shares Commonwealth's immunity). We therefore conclude that the Commonwealth, the Department, and SCI-Huntingdon are immune from Inmate's claims asserted under Section 1983.

### b. Property Rights Claim

Regarding deprivation of his personal property, Inmate may not maintain a cause of action under Section 1983 against Kauffman, Butler, and Anders. See Palmer v. Doe (Pa. Cmwlth., No. 2451 C.D. 2015, filed May 5, 2016), 2016 Pa. Commw. Unpub. LEXIS 337 (unreported). Where an inmate avails himself

---

[10] Further, states are not "persons" for purposes of claims under 42 U.S.C. §1983. Berthesi v. Pa. Bd. of Prob. & Parole, 246 F. Supp. 2d 434 (E.D. Pa. 2003).

14

of the Department's administrative grievance procedure and may pursue a civil negligence claim, he has adequate state law remedies for loss of property, such that a Section 1983 action is precluded. Palmer.

### c. Retaliation

Regarding Inmate's averments of retaliation, Kauffman, Butler, and Anders do not share the Commonwealth's immunity under Section 1983 for their own acts. As set forth above, Inmate's allegation that he suffered retaliation for filing a grievance alleges a violation of the First Amendment, for which Inmate may seek redress in a Section 1983 claim against those responsible. Brown v. Blaine.

Inmate alleges direct retaliatory conduct by both Butler and Anders. Both are amenable to suit under Section 1983 based on such conduct.

However, Inmate does not allege direct retaliatory conduct by Kauffman. Individual government employees may not be held vicariously liable for the conduct of others under a Section 1983 claim. Martin v. Clark (Pa. Cmwlth., No. 74 C.D. 2018, filed July 27, 2018), 2018 Pa. Commw. Unpub. LEXIS 411 (unreported) (citing Bush v. Veach, 1 A.3d 981 (Pa. Cmwlth. 2010)). Accordingly, Inmate may not pursue a theory of vicarious liability against Kauffman for the conduct of Butler and Anders. Any claim must arise from Kauffman's own personal conduct giving rise to Inmate's Section 1983 claim.

Kauffman, as Superintendent, reviewed Inmate's grievance during the appeal phase. A superintendent's participation in the grievance process is not alone

15

sufficient personal involvement in a matter to support an inference of liability against him. Martin (citing Price v. Simcox (Pa. Cmwlth., No. 307 C.D. 2017, filed September 28, 2017), 2017 Pa. Commw. Unpub. LEXIS 726 (unreported)). However, Inmate alleges further that he personally spoke with Kauffman, told him about the retaliatory behavior of Butler and Anders, and begged him to stop the retaliation. Compl. ¶¶27, 32. Thus, Inmate's claim against Kauffman arguably arises not from vicarious liability, but from Kauffman's own failure or refusal to stop known retaliatory conduct by employees under his supervision. We hold the complaint avers sufficient facts in support of Kauffman's alleged personal involvement to support a Section 1983 claim against him at the preliminary objection stage. See Bush (allegations of actual knowledge of and acquiescence in wrongful conduct are sufficient to show personal involvement for purposes of civil rights claim).

### III. Conclusion

In all fairness to the trial court, Inmate's uncounseled complaint presents problems for analysis. Nevertheless, based on the foregoing discussion, we affirm the trial court's dismissal of Inmate's intentional conversion claim against the DOC Parties other than Butler, as well as the intentional infliction of emotional distress claim against all DOC Parties. To the extent the complaint asserts Section 1983 claims, we affirm the trial court's dismissal as to the Commonwealth, the Department, and SCI-Huntingdon regarding both deprivation of property rights and retaliation. We also affirm the trial court's dismissal of Inmate's Section 1983 claim against Kauffman, Butler, and Anders regarding deprivation of his personal property.

16

However, we conclude Inmate's complaint asserted potentially cognizable claims of negligence against all DOC Parties, as well as a Section 1983 claim of retaliation against Kauffman, Butler, and Anders. We therefore vacate the trial court's dismissal of the entire complaint and remand for further proceedings consistent with this opinion, including consideration of the DOC Parties' remaining preliminary objections, to the extent they have not been rendered moot by our rulings.

 

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Santo Borrero-Bejerano,          :
               Appellant   :
                          :
         v.            :   No. 453 C.D. 2018
                          :
Commonwealth of Pennsylvania,  :
Department of Corrections,     :
SCI Huntingdon, Mr. Kevin Kauffman :
C/O Butler Search Team at SCIH and :
Property Sergeant Anders, of     :
SCI-Huntingdon              :

## O R D E R

**AND NOW**, this 8th day of February, 2019, the order of the Court of Common Pleas of Huntingdon County is **AFFIRMED** as to all Appellees with the exception of C/O Butler on the claim of intentional conversion; **AFFIRMED** as to all Appellees on the claim of intentional infliction of emotional distress; **AFFIRMED** as to the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections, and SCI-Huntingdon on the claims asserted under 42 U.S.C. §1983 relating to deprivation of personal property and retaliation; and **AFFIRMED** as to Mr. Kevin Kauffman, C/O Butler, and Property Sergeant Anders on the claim asserted under 42 U.S.C. §1983 relating to deprivation of personal property. The order is otherwise **VACATED**. This matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge