IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Young,      :
     Appellant   :
            :
   v.        : No. 847 C.D. 2023
            :
Derek F. Oberlander, Ernie    :
Mongelluzzo, Rene Adams, John  :
Blicha, Ian Gustafson, John Doe,  :
and Zachary J. Moslak    : Submitted: July 5, 2024

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER        FILED: September 4, 2024

  Christopher Young (Appellant) appeals to this Court from a June 28, 2023 Order of the Court of Common Pleas of the 37th Judicial District, Forest County branch (Trial Court), sustaining the Preliminary Objections (POs) of Derek F. Oberlander, Ernie Mongelluzzo, Rene Adams, John Blicha, Ian Gustafson, John Doe,[1] and Zachary J. Moslak (Appellees) and dismissing Appellant's Complaint. Appellant, an inmate at the State Correctional Institution-Forest (SCI-Forest), argues that the Trial Court erred by denying him a hearing on whether his civil rights were violated when he was placed in the prison's restricted housing unit (RHU) for five days, and by concluding that Appellant's placement in the RHU did not wrongly infringe on his liberty interest. Upon review, we affirm.

---

[1] As noted below, Appellant's Amended Complaint named Jedidiah Stonebraker as the individual previously referred to in the Complaint as John Doe. However, the caption used by the Trial Court in its Memorandum Opinion still refers to John Doe as an Appellee. For the sake of consistency, this Court's caption uses the names identified by the Trial Court.

## I. Background

On August 20, 2021, an SCI-Forest corrections officer placed Appellant in handcuffs and escorted him to the RHU. Original Record (O.R.), Item No. 17, Am. Compl. ¶ 16. After arriving at the RHU, Appellant was presented with a report stating that he had been placed there because he had not watched a video, as required, on the subject of prison sexual assault. *Id*. ¶¶ 16-17. The report, which was authored by Appellee Gustafson, stated that Appellant had missed several scheduled appointments to watch the video, and that he needed to do so before being released into the general prison population. *Id*. ¶ 17. Appellant alleges that Appellee Gustafson falsified the report in order to place Appellant in the RHU. *Id*. ¶ 17.

A prison psychologist met with Appellant on August 23, 2021, and told him that he would remain in the RHU until he watched the video and signed a form acknowledging that he had done so. *Id.* ¶ 20. During the conversation, the psychologist identified Appellee Gustafson as the individual who had instructed him to have Appellant watch the video. *Id*. Appellant responded that he had already watched the video during the course of an earlier orientation. *Id*. ¶ 20. The psychologist explained that Appellant should nevertheless watch the video in order to satisfy the DOC employees who were insisting that he had not yet done so. *Id*. ¶ 21.

At some point during the next two days, Appellant watched the video and signed the required form. *Id.* ¶ 22. Appellant alleges that he did so "under duress based on the threat of staying in the RHU." *Id*. ¶ 22. On August 25, 2021, Appellant was released from the RHU and returned to the general population. *Id*. ¶ 23. Appellant then petitioned the Program Review Committee ("PRC") to review the decision to place him in the RHU. *Id*. ¶ 23. In the petition, Appellant repeated his

claim that he had already watched the video on a previous occasion, adding that he had witnesses available to verify his version of the relevant events. *Id*. ¶ 23. The petition was rejected on the ground that Appellant had not pursued the proper avenue for that issue. *Id*. ¶ 24.

On September 8, 2021, Appellant filed another administrative appeal with Appellee Oberlander, SCI-Forest's facility manager, maintaining that he had previously watched the video during orientations that had been held at other prisons. *Id*. ¶ 25. Appellee Oberlander acknowledged that Appellant's placement in the RHU was inconsistent with prison guidelines, but denied the appeal on the ground that Appellant was nonetheless required to watch the video. *Id*. ¶ 26. Appellant then appealed the decision to Appellee Moslak, the Department of Corrections' chief hearings examiner, on September 25, 2021. *Id*. ¶ 27. Following an evaluation of the record, Appellee Moslak dismissed Appellant's appeal in a response dated October 19, 2021. *Id*. ¶ 28.

On February 15, 2023, Appellant filed a civil Complaint in the Trial Court alleging that his five-day stay in the RHU violated his rights to substantive and procedural due process under the United States Constitution. *See* O.R., Item No. 1. While acknowledging that he did not suffer an emotional or mental injury as a result of Appellees' actions, Appellant requested that compensatory, punitive, and nominal damages be awarded against each Appellee. *Id*. at 8-9. An Amended Complaint, filed on May 9, 2023, included a previously omitted Notice to Defend and named Jedidiah Stonebraker as the party previously referred to as John Doe, but otherwise repeated the averments of the Complaint.

Appellees filed their POs on May 1, 2023, asserting that Appellant's action should be dismissed for the failure to state a claim and for legal insufficiency, since

3

Appellant's due process rights were not implicated by his brief stay in the RHU. *See* O.R., Item No. 13. The Trial Court held oral argument on the Amended Complaint and the POs on June 28, 2023. At the proceeding's conclusion, the Trial Court sustained the POs and dismissed the Complaint with prejudice. *See* O.R., Item No. 47.

Following Appellant's timely appeal to this Court, the Trial Court issued a memorandum opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[2] *See* Appellant's Br., Appendix, Item No. 4, Memorandum Opinion (Mem. Op.). Therein, the Trial Court explained that it evaluated Appellant's claims through the three-part test created by the District Court of Appeals for the District of Columbia in *Aref v. Lynch*, 833 F.3d 242, 253 (D.C. Cir. 2016). *Id.* at 4. Accordingly, the Trial Court considered "(i) the conditions of confinement relative to administrative segregation, (ii) the duration of that confinement generally, and (iii) the duration relative to length of administrative segregation routinely imposed on prisoners serving similar sentences." *Id.* (citing *Aref*, 833 F.3d at 255). The Trial Court acknowledged that Appellee Oberlander's admission of a possible violation of prison guidelines lent support to Appellant's claim under the third element of the *Aref* test. *Id.* at 5. However, since Appellant's five-day stay in the RHU "inarguabl[y] . . . [did] not raise a justiciable due process claim,"[3] and since Appellant failed to "allege harsher conditions in the RHU compared to similarly

---

[2] Pa.R.A.P. 1925(a) provides that, upon the receipt of a notice of appeal, "the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order."

[3] The Trial Court noted the Supreme Court's conclusion in *Sandin v. Conner*, 515 U.S. 472 (1995), that a 30-day placement in disciplinary segregation "did not raise an atypical and significant hardship," and reasoned that a placement of a far shorter duration obviously did not meet the requisite standard. Mem. Op. at 5.

situated inmates," the Trial Court concluded that Appellant failed as a matter of law to meet the first two elements of the *Aref* test. *Id.*

## II. Issues

On appeal,[4] Appellant maintains that his five-day stay in the RHU deprived him of his liberty interest, and, therefore, could "not be properly imposed without an opportunity for notice and an adequate hearing." *Id.* at 8 (citing *Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010)). Appellant additionally argues that his placement in the RHU by prison officials was not called for by institutional guidelines and therefore fell outside "the expected parameters of the sentence imposed by a court of law." *Id.* at 14 (citing *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997)). Thus, Appellant concludes that his civil action should be allowed to proceed.

## III. Discussion

In relevant part, the Fourteenth Amendment to the United States Constitution provide that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To maintain a due process challenge, a party must initially establish the deprivation of a protected liberty or property interest. *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017). If, and only if, the party establishes the deprivation of a protected interest will the Court consider what type of procedural mechanism is required to fulfill due process. *Id.* In the specific context of prison litigation, a deprivation of legally

---

[4] This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Brown v. Clark*, 184 A.3d 1028, 1029 n.3 (Pa. Cmwlth. 2018). A trial court may sustain preliminary objections only if it appears with certainty that the law will not allow recovery. *Id*. All well-pleaded facts in the complaint and all reasonable inferences from those facts are accepted as true. *Id*. However, a court need not accept as true unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id*.

cognizable liberty interest "occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Brown v. Blaine*, 833 A.2d 1166, 1172 (Pa. Cmwlth. 2003) (citing *Sandin v. Conner*, 515 U.S. at 484).

To evaluate due process claims arising from a prison inmate's placement in disciplinary segregation, this Court has adopted the test created in *Aref*, 833 F.3d at 242:

> [The court must] consider (i) the conditions of confinement relative to administrative segregation, (ii) the duration of that confinement generally, and (iii) the duration relative to length of administrative segregation routinely imposed on prisoners serving similar sentences. We also emphasize that a liberty interest can potentially arise under less[ ]severe conditions when the deprivation is prolonged or indefinite.

*Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1279 (Pa. Cmwlth. 2021) (citing *Aref*, 833 F.3d at 255). In *Feliciano*, a prisoner petitioned this Court for review in its original jurisdiction. *Id.* at 1271. In his petition, the *pro se* prison inmate argued that his procedural due process rights were violated when prison officials placed him in disciplinary custody for 30 days, following a failed drug test, without furnishing him with evidence or other items that would enable him to mount a defense. *Id.* at 1273. The Department of Corrections (Department) filed preliminary objections, arguing that this Court lacked both original and appellate jurisdiction to consider the claims.[5] *Id.* at 1274.

Granting the Department's preliminary objection as to jurisdiction, we reasoned that the inmate could only invoke this Court's original jurisdiction if he

---

[5] In *Feliciano*, the Department also demurred to the prisoner's claims, contending that he failed to identify a liberty interest identified by the misconduct proceedings leading to his discipline. 250 A.3d at 1274. We declined to address that objection, given our disposition of the matter on jurisdictional grounds. *Id.* at 1280 n.11.

could identify the violation of a cognizable liberty interest under the *Aref* three-part test. *Id.* at 1279. We reviewed the inmate's petition, and observed that he "fail[ed] to state therein that the punishment imposed upon him as a result of his failed drug test, i.e., 30 days of disciplinary custody, constituted an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* at 1279 (citing *Sandin v. Conner*, 515 U.S. at 484). Thus, we held, there was nothing in the petition to permit a conclusion that the Department violated the inmate's due process rights, as required for this Court's jurisdiction to attach. *Id.* at 1279-80.

Instantly, Appellant's Amended Complaint states the legal conclusion that Appellees violated his rights, but nowhere avers that his five-day stay in the RHU constituted an atypical or significant hardship. Thus, the Trial Court correctly observed that his claims fail as a matter of law under *Aref* and *Feliciano*. Mem. Op. at 4-5. Appellant attempts to cure this defect in his Brief to this Court, arguing therein that Appellees' actions created "an atypical and significant hardship" for him. Appellant's Br. at 9. However, it is well settled that issues "not raised in the lower court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Hill*, 238 A.3d 399, 407 (Pa. 2020). This requirement ensures that the trial court that initially hears a dispute has had an opportunity to consider the issue, which in turn advances the orderly and efficient use of our judicial resources, and provides fairness to the parties. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1274 (Pa. 2014). Thus, Appellant's attempted correction of the failure to plead necessary factual averments is unsuccessful.[6]

---

[6] Appellees, too, appear to raise an issue for the first time before this Court, arguing in their Brief that Appellees Oberlander, Mongelluzzo, Adams, Blicha, and Moslak were not personally involved in the conduct alleged, and therefore "cannot be held liable" under federal civil rights law. Appellees' Br. at 13. As Appellant correctly points out in response, Appellees "never raised **(Footnote continued on next page…)**

Since we must disregard the factual allegations belatedly contained in Appellant's Brief,[7] our inquiry is limited to the averments made in the Amended Complaint. For the reasons explained in *Feliciano*, we conclude that those averments cannot support an inference that Appellant has been deprived of a cognizable liberty interest as a result of Appellees' conduct.

## IV. Conclusion

For the foregoing reasons, we affirm the Trial Court.

ELLEN CEISLER, Judge

---

this issue in the . . . [T]rial [C]ourt, nor did they raise it in a responsive pleading under the heading 'New Matter.'" Appellant's Reply Br. at 1. Since we affirm the Trial Court's Order, it is, in any case, unnecessary to discuss this portion of Appellees' claims any further.

Appellees also assert in their Brief that they are all entitled to qualified immunity under federal law from Appellant's claims. It is unnecessary to discuss this portion of their claims as well.

[7] Even if this Court disregarded Appellant's requirement to plead necessary facts at the complaint stage, the averments improperly made in his Brief would still fail to establish the deprivation of a legally cognizable liberty interest. Maintaining that his five-day stay in the RHU was not authorized by prison guidelines, Appellant argues that the alleged violation of those guidelines "makes *any* period of time in [the RHU an] atypical [and] significant hardship." Appellant's Br. at 15 (emphasis added). However, we explained in *Feliciano* that courts evaluating procedural due process claims must follow "a fact-specific inquiry" as prescribed in *Aref*, rather than be bound by the "rigidity" of bright-line rules. 250 A.3d at 1276-77. The adoption of a *per se* rule such as that proposed by Appellant would therefore contravene established federal and Pennsylvania case law.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Young,                    :
                  Appellant        :
                           :
      v.                              :    No. 847 C.D. 2023
                           :
Derek F. Oberlander, Ernie            :
Mongelluzzo, Rene Adams, John         :
Blicha, Ian Gustafson, John Doe,      :
and Zachary J. Moslak                 :

## **O R D E R**

AND NOW, this 4th day of September, 2024, the Order of the Court of Common Pleas of the 37th Judicial District, Forest County branch, in the above-captioned matter, dated June 28, 2023, is hereby AFFIRMED.

                                    _____

ELLEN CEISLER, Judge
