IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Gurdine (JK0623),        :
                 Appellant   :
                          :
         v.             : No. 692 C.D. 2024
                          : Submitted: May 6, 2025
Lieutenant Dailey, Sergeant John  :
Doe, Correctional Officer Dicks,   :
and Correctional Officer Terravecchia  :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED: June 16, 2025

Lamar Gurdine (JK0623) (Gurdine), *pro se*, appeals the order of the Fayette County Court of Common Pleas (Common Pleas) dated December 8, 2023, which sustained the preliminary objections (POs) filed by Lieutenant Dailey, Correctional Officer Dicks, and Correctional Officer Terravecchia (collectively, Defendants) and dismissed Gurdine's claims with prejudice.[1] After careful review, we affirm.

## Background

During all times relevant to this matter, Gurdine was incarcerated at the State Correctional Institutions at Fayette and Mahanoy. On April 26, 2021, Gurdine filed

---

[1] Gurdine also filed this action against "Sergeant John Doe," who remains unidentified. Defendants' Br. at 6 n.1.

a complaint alleging Defendants, who are all employees of the Department of Corrections (Department), misplaced his personal property when he moved facilities in violation of his constitutional rights. Compl., 4/26/21, at 2-3, ¶¶ 2-4. On February 18, 2022, Gurdine filed a praecipe to reinstate his complaint. On March 7, 2022, Gurdine filed an amended complaint. Gurdine filed a second praecipe to reinstate his complaint on May 31, 2022. Finally, the Fayette County Sheriff's Department (Sheriff) served Defendants with the complaint on June 14, 2022.[2]

On July 25, 2022, Defendants filed POs. By order dated December 8, 2023, Common Pleas sustained the first, second, and fifth POs and dismissed Gurdine's claims with prejudice, concluding Gurdine (1) did not timely serve Defendants with his complaint in violation of the statute of limitations, (2) did not serve the Attorney General, and (3) failed to state a claim upon which relief could be granted.[3] Common Pleas Op.,12/8/23, at 4.

### Analysis

As a preliminary matter, Common Pleas explains Gurdine failed to comply with its order dated January 12, 2024, which directed him to file and serve a concise statement of errors complained of on appeal. Statement in Lieu of Op., 4/22/24, at

---

[2] Although Gurdine filed an amended complaint, his original complaint was the one that was later reinstated and served on Defendants. Both complaints included substantively identical allegations.

[3] Gurdine's statement of questions involved provides the issues on appeal are:

> 1. Whether the Court erred in determining [Gurdine] did not make a good-faith effort to serve defendants?
> 2. Whether the defendants were prejudiced by [Gurdine]'s failure to serve the Office of the Attorney General?
> 3. Whether the Court erred by concluding [Gurdine] failed to state a cause of action?

Gurdine's Br. at 6.

1. The order directed Gurdine to "file of record . . . and to serve [Common Pleas]" with a concise statement within 21 days; Common Pleas provided specific instructions on how to achieve service. Order, 1/12/24. Gurdine timely filed his concise statement on January 29, 2024. Nonetheless, despite Common Pleas' instructions, the certificate of service attached to Gurdine's concise statement indicates that he served only the Attorney General. Because Gurdine failed to serve Common Pleas with his concise statement as directed, his claims on appeal are waived. *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007) ("Because Egan failed to comply with the trial court's order to serve her [concise] statement upon the trial court, the issues she raised in her [concise] statement were waived on appeal.").

In the alternative, even if Gurdine served Common Pleas as directed, we would still conclude his appeal is meritless. This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Brown v. Clark*, 184 A.3d 1028, 1029 n.3 (Pa. Cmwlth. 2018). A trial court may sustain preliminary objections if it appears with certainty that the law will not allow recovery. *Id.* The trial court accepts all well-pleaded facts in the complaint and reasonable inferences from those facts as true. *Id.* However, the trial court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.*

Initially, Gurdine challenges Common Pleas' decision that he failed to timely serve Defendants in violation of the statute of limitations.[4] Gurdine's Br. at 10-13.

---

[4] We note the affirmative defense that a claim is barred by the statute of limitations should be asserted in a responsive pleading as new matter. *See* Pa.R.Civ.P. 1028(a)(4), Note. However, this Court has recognized that where the defense is clear from the pleadings, the responding party did not file preliminary objections to the preliminary objections, and delaying a ruling would serve no
**(Footnote continued on next page…)**

3

Gurdine contends the statute of limitations was tolled while he pursued a grievance and exhausted administrative remedies, and his "failure to immediately effectuate service on Defendants, initially, was the result of [his] inexperience navigating the Rules of Civil Procedure." *Id.* at 10-11.

Section 5524(7) of the Judicial Code provides an action to recover damages to property which is founded on negligent, intentional, or otherwise tortious conduct must be commenced within two years. 42 Pa.C.S. § 5524(7). Original process shall be served within the Commonwealth within 30 days after the filing of the complaint. Pa.R.Civ.P. 401(a). A complaint may be reinstated at any time and any number of times but must be served within 30 days of the reinstatement. Pa.R.Civ.P. 401(b). "Where a plaintiff does not make a good faith effort at service of original process, an action which was otherwise timely commenced by filing a [complaint] within the statutory period will be deemed untimely and barred by the statute of limitations." *Miller v. Klink*, 871 A.2d 331, 335 (Pa. Cmwlth. 2005). *Pro se* litigants are subject to the same rules of procedure as represented litigants. *Commonwealth v. Williams*, 896 A.2d 523, 534 (Pa. 2006).

Here, Common Pleas reasoned Gurdine first became aware that his property was missing on June 27, 2019, and had two years from that date to commence this action, or until June 28, 2021.[5] Common Pleas Op.,12/8/23, at 2. Gurdine initially filed the complaint on April 26, 2021, within the statutory period. *Id.* However, the

---

purpose, the statute of limitations may be raised in preliminary objections in the nature of a demurrer. *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1140 n.5 (Pa. Cmwlth. 2015).

[5] July 27, 2021 was a Sunday; the next business day thereafter was July 28, 2021. 1 Pa.C.S. § 1908 ("Whenever the last day of any . . . period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

4

Sheriff did not serve Defendants until June 14, 2022, nearly a year after the statute of limitations expired. *Id.* at 3. Common Pleas explained as follows:

> At the status conference [on October 11, 2023], [Gurdine] indicated that there was some confusion as to the exact amount due [for service of the complaint] and that after he finally found out the correct amount, he sent a check and made the appropriate arrangements with the Sheriff. There was then some confusion about whether . . . Defendants had to be served in Harrisburg and then [Gurdine] found that service on the two named defendants should take place at SCI Fayette where they worked.
>
> . . . .
>
> Even allowing some flexibility for delays in communication due to [Gurdine's] incarceration and giving [Gurdine] the benefit of the doubt as to the need for clarification on the amount and place of service, [Gurdine's] explanation does not justify an eleven-month delay in effectuating service. . . . To the extent that Plaintiff had questions about the exact cost of service and the process of engaging the Sheriff to complete service, a short delay would be understandable, but [Gurdine] offered no explanation that would justify a delay of nearly a year. . . .

*Id.* at 3-4.

We discern no error or abuse of discretion in Common Pleas' conclusion that procedural difficulties did not justify Gurdine's severe delay in serving Defendants.[6] Further, Gurdine waived his claim that the statute of limitations was tolled while he exhausted administrative remedies by failing to raise it before Common Pleas.

---

[6] Regarding Common Pleas' use of June 27, 2019, as the date the cause of action accrued, Gurdine alleged he was transferred to a restricted housing unit on June 24, 2019, and taken to the "Property Room" for the restricted housing unit on June 27, 2019, but he was not given the time to inventory his property. Compl., 4/26/21, at 2-3, ¶¶ 1-4. Gurdine alleged he filed a grievance on June 28, 2019, relating to missing legal documents. *Id.* at 3, ¶ 5. Nonetheless, Gurdine's complaint reveals he discovered "the majority of his personal property was missing" on August 5, 2019, after being transferred to a different facility. *Id.* at 3, ¶¶ 6-7. Using this later date, there was still a delay of over 10 months before Gurdine served Defendants.

*See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). The record contains no documentation that supports Gurdine's claim, even if it were preserved.[7] Accepting for the sake of argument that the statute of limitations was tolled until the grievance process concluded on January 22, 2020, as Gurdine asserts,[8] Gurdine's Br. at 10, he still failed to serve Defendants until nearly five months after the statute of limitations expired.[9]

Even if Gurdine had timely served Defendants with his complaint, Common Pleas correctly concluded Gurdine failed to state a claim upon which relief could be granted. In his pleadings, Grudine primarily contended Defendants failed to comply with Department policies in violation of his due process[10] and equal protection rights.

---

[7] In support of his argument that the statute of limitations was tolled, Gurdine relies on documents not included in the original record. Gurdine filed a Petition for Correction or Modification of the Record with this Court requesting to supplement the original record with documents attached to his petition. The documents attached to the petition consisted of Gurdine's correspondence with the Fayette County Prothonotary and Sheriff, cash slips, receipts for payment of fees, a discovery request mailed to the Department's Office of Chief Counsel, a DC-154A Confiscated Items Receipt, and an inmate grievance pertaining to missing personal property and various grievance responses. Because our Court properly denied the petition, these documents are not part of the record and are not considered.

[8] Gurdine asserts in his brief that his final grievance appeal was denied on January 22, 2022, but the appeal decision included in his Petition for Correction or Modification of the Record is dated January 22, 2020.

[9] Given our conclusion of Gurdine's first issue on appeal, we do not address his second issue on appeal regarding failure to serve the Attorney General.

[10] We interpret Gurdine's complaint as presenting a procedural, rather than substantive, due process claim. *See Small v. Horn*, 722 A.2d 664 (Pa. 1998) ("Although Appellants do not specify whether they are claiming that the Department's action violates procedural due process guarantees or principles of substantive due process, their allegations sound in procedural due process, as does the relief they seek . . . .").

Compl., 4/26/21, at 4, ¶¶ 1-3, 6-7. Gurdine also asserts that Defendants were negligent in handling his personal property. Gurdine's Br. at 14-15. This Court has explained that "[a]llegations that the Department failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates." *Shore v. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017).

> When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations.

*Id.* at 383. We have held the inmate grievance system is a constitutionally sufficient remedy for procedural due process purposes "with respect to inmates' claims that the Department unlawfully withheld and/or confiscated property." *Id.* at 383. Further, Gurdine has not alleged any manner in which he has "receiv[ed] different treatment from that received by other similarly[]situated individuals due to his membership in a particular class" to establish an equal protection claim.[11] *Mobley v. Coleman*, 110 A.3d 216, 222 (Pa. Cmwlth. 2015).

## Conclusion

Gurdine waived his claims on appeal by failing to serve Common Pleas with his concise statement of errors complained of on appeal as directed. Alternatively,

---

[11] Likewise, Gurdine briefly alleged in his pleadings that Defendants violated his right to access to the courts, Compl., 4/26/21, at 5 ¶ 8, but he did not allege any actual injury to support that claim. That is, he did not allege he suffered "the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement." *Page v. Rogers*, 324 A.3d 661, 681 (Pa. Cmwlth. 2024) (quoting *Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000)).

Common Pleas did not err or abuse its discretion in sustaining Defendants' POs on the basis that Gurdine did not make a good faith effort to serve Defendants with his complaint and failed to state a claim for which relief could be granted. Accordingly, we affirm Common Pleas' order dismissing Gurdine's claims with prejudice.[12]

_____
STACY WALLACE, Judge

---

[12] Common Pleas properly dismissed Gurdine's claims with prejudice because any amendment of the claims would be a futile exercise. *See Shore*, 168 A.3d at 386-87 (declining to grant leave to amend where an amendment to the complaint would be "a futile exercise" and where "it is not reasonably probable" that the petitioner could cure legal deficiencies).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Gurdine (JK0623),        :
                   Appellant  :
                                :
        v.                      : No. 692 C.D. 2024
                                :
Lieutenant Dailey, Sergeant John  :
Doe, Correctional Officer Dicks,    :
and Correctional Officer Terravecchia  :

# **O R D E R**

    **AND NOW**, this 16th day of June 2025, the order of the Fayette County Court of Common Pleas dated December 8, 2023 is **AFFIRMED**.

 

                                _____
                                STACY WALLACE, Judge